ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY - 1 2013   12:37

CLERK, U.S. DISTRICT COURT
By_____
Deputy

BRENT HOLLAND,

        Plaintiff,

v.

LOCKHEED MARTIN CORPORATION d/b/a
LOCKHEED MARTIN AERONAUTICS COMPANY
AND GREGORY HAMPTON, INDIVIDUALLY,

        Defendants.

4- 13CV-359-A

CIVIL ACTION NO. _____

### LOCKHEED MARTIN CORPORATION'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, and Local Civil Rule LR 81.1, Defendant Lockheed Martin Corporation ("Lockheed Martin") files this notice of removal, removing the above-captioned action to this Court. The basis for removal is that the Court has federal-question jurisdiction over this action because the claims of Plaintiff, Brent Holland, ("Plaintiff") arise from conduct alleged to have occurred on a federal enclave. In support of this notice of removal, Lockheed Martin respectfully shows the Court as follows:

### I. INTRODUCTION

1.    Lockheed Martin is a defendant in a civil action pending in the District Court of Tarrant County, Texas, 141st Judicial District, styled *Brent Holland v. Lockheed Martin Corporation doing business as Lockheed Martin Aeronautics Company and Gregory Hampton, individually*, No. 141-265116-13 (the "State-Court Action").

2.    Plaintiff instituted the State-Court Action on April 1, 2013, by the filing of "Plaintiff's Original Petition and Request for Disclosures."

3.      Plaintiff's live pleading in the State-Court Action is "Plaintiff's Second Amended Petition and Request for Disclosures" ("Petition"), which Plaintiff filed on April 5, 2013. Lockheed Martin was served with citation and a copy of the Petition on April 11, 2013.

4.      Plaintiff alleges in the Petition that he "has been employed by Lockheed [Martin] in its facility in Fort Worth, Texas," and that Lockheed Martin's facility in Fort Worth is "situated on the Naval Air Station Fort Worth Joint Reserve Base, a military base owned by the United States Government." Petition, ¶¶ 5, 8.[1] Plaintiff asserts claims against Lockheed Martin and defendant Gregory Hampton for statutory libel per se and common law defamation per se, based on conduct that is alleged to have occurred at Lockheed Martin's facility in Fort Worth, Texas. *See* Petition, ¶¶ 44-59. Plaintiff seeks actual damages, exemplary damages, pre-judgment interest, post-judgment interest, and court costs. *See* Petition, p. 13 (Prayer).

A.      **Timely Removal**

5.      Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Lockheed Martin was served with citation and a copy of the Petition on April 11, 2013. Lockheed Martin's notice of removal is timely because it was filed within 30 days of that date.

---

[1]      Plaintiff alleges that Lockheed Martin's *headquarters* is situated "on the Naval Air Station Fort Worth Joint Reserve Base, a military base owned by the United States Government." Petition, ¶ 8. Although not relevant to this notice of removal, Lockheed Martin notes that — although its referenced facility is in Fort Worth, where Plaintiff has been employed — it is a corporation organized and chartered under the laws of Maryland, with its principal place of business in Bethesda, Maryland.

**B.      Venue**

6.      Under 28 U.S.C. § 1441(a), the State-Court Action is properly removed to this Court, the United States District Court for the Northern District of Texas, Fort Worth Division, as the district and division embracing the county where the State-Court Action is pending.

**C.      Notice of Filing**

7.      In accordance with 28 U.S.C. § 1446(d), Lockheed Martin will:  (i) serve a copy of this notice of removal on counsel for all parties, as reflected on the certificate of service, and (ii) file a copy of this notice of removal with the clerk of the District Court of Tarrant County, Texas, 141st Judicial District, where the State-Court Action is pending.

**D.      Consent of Defendant Gregory Hampton**

8.      Defendant Gregory Hampton consents to Lockheed Martin's removal of the State-Court Action to this Court. *See* Exhibit E.

**D.      Required Attachments**

9.      In accordance with 28 U.S.C. § 1446(a) and Local Civil Rule LR 81.1(a)(4), Lockheed Martin attaches the following documents as exhibits to this notice of removal:

| | |
|---|---|
| **Exhibit A.** | Index of documents being filed with this notice of removal; |
| **Exhibit B.** | A copy of the docket sheet from the State-Court Action; |
| **Exhibit C.** | Copies of each document filed in the State-Court Action, except discovery materials; |
| **Exhibit D.** | Lockheed Martin's Rule 7.1 Disclosure Statement and Certificate of Interested Persons; and |
| **Exhibit E.** | Defendant Gregory Hampton's Consent to Removal. |

## II. GROUNDS FOR FEDERAL-QUESTION JURISDICTION

10.     Removal is proper under 28 U.S.C. § 1441 because Plaintiff asserts claims presenting a federal question under 28 U.S.C. § 1331. Where a plaintiff asserts federal claims in his pleading, removal is proper under the well-pleaded-complaint rule.[2]

11.     Plaintiff's claims arise from his employment at the Fort Worth Lockheed Martin facility. Lockheed Martin's facility in Fort Worth is also known as Air Force Plant No. Four, and is located on land owned by the United States Government. Under Article I, Section 8, Clause 17, of the United States Constitution, Air Force Plant No. 4 is a federal enclave over which the United States has exclusive jurisdiction. Because Plaintiff's claims arise from alleged conduct occurring on this federal enclave, the Court has federal-question jurisdiction.[3]  Accordingly, the State-Court Action is removable to this Court under 28 U.S.C. §§ 1441.

### III. CONCLUSION

12.     Lockheed Martin, in conformity with the requirements of 28 U.S.C. §§ 1441 and 1446, and Local Civil Rule LR 81.1, removes to this Court the action styled *Brent Holland v. Lockheed Martin Corporation doing business as Lockheed Martin Aeronautics Company and Gregory Hampton, individually*, No. 141-265116-13, in the District Court of Tarrant County, Texas, 141st Judicial District. Lockheed Martin respectfully requests that this Court assume jurisdiction over this action as if it had been originally filed here, and that all further proceedings in the State-Court Action be stayed. Lockheed Martin respectfully requests such other and further relief to which it may be justly entitled under the circumstances.

---

[2]     *See Rivet v. Regions Bank*, 522 U.S. 470, 474-75 (1998).

[3]     *See, e.g. Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Akin v. Big Three Indus., Inc.*, 851 F. Supp. 819, 821-22 (E.D. Tex. 1994); *see also Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952).

Dated:  May 1, 2013                    Respectfully submitted,

Anthony J. Campiti
  Texas Bar No. 00798092
David C. Schulte
  Texas Bar No. 24037456
Kim McCrea
  Texas Bar No. 24041434

THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201–2533
(214) 969.1700
(214) 969.1751 (facsimile)

ATTORNEYS FOR DEFENDANT
LOCKHEED MARTIN CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 1, 2013, a copy of this document was served by certified mail, return receipt requested, on counsel for Plaintiff and on counsel for Defendant Gregory Hampton.

David C. Schulte

6922056.1

# Exhibit A



## INDEX OF DOCUMENTS BEING FILED WITH NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446(a) and Local Civil Rule LR 81.1(a)(4), Lockheed Martin Corporation submits this *Index of Documents Being Filed with Notice of Removal*, identifying the following documents being filed with its Notice of Removal:

| | |
|---|---|
| **Exhibit A** | Index of Documents Being Filed with Notice of Removal |
| **Exhibit B** | Docket Sheet from the State-Court Action with the Transaction Log for the case (printed May 1, 2013) |
| **Exhibit C** | Copies of each document filed in the State-Court Action, except discovery material, arranged in chronological order per the state-court file date: |
| **Exhibit C-1** | Plaintiff's Original Petition and Request for Disclosures with transmittal letter filing same (filed April 1, 2013) |
| **Exhibit C-2** | Plaintiff's First Amended Petition and Request for Disclosures with transmittal letter filing same (filed April 3, 2013) |
| **Exhibit C-3** | Plaintiff's Second Amended Original Petition and Request for Disclosures with transmittal letter filing same (filed April 5, 2013) |
| **Exhibit C-4** | Citation and Return of Service for Gregory Hampton with transmittal letter filing same (filed April 19, 2013) |
| **Exhibit C-5** | Citation and Return of Service for Lockheed Martin Corporation with transmittal letter filing same (filed April 23, 2013) |
| **Exhibit C-6** | Defendant Greg Hampton's Original Answer with transmittal letter filing same (filed April 26, 2013) |
| **Exhibit C-7** | Defendant Lockheed Martin Corporation's Answer with transmittal letter filing same (filed April 30, 2013) |
| **Exhibit D** | Lockheed Martin's Rule 7.1 Disclosure Statement and Certificate of Interested Persons |
| **Exhibit E** | Defendant Gregory Hampton's Consent to Removal |

# Exhibit B

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:      1
JIMSGTM8              ALL TRANSACTIONS FOR A CASE               Date: 05/01/2013
                                                               Time: 10:10
```

```
        Cause Number: 141-265116-13    Date Filed: 04/01/2013
   BRENT HOLLAND                    | v |   LOCKHEED MARTIN CORPORATION,
                                    |   |   ET AL
   _____   Cause of Action: INJURY OR DAMAGE, DEFAMATION
   _____   Case Status·····: PENDING
```

| Filemark | Description | | Fee Total |
|----------|-------------|-----|-----------|
| 04/01/2013 | PLTF ORIG PETITION | NI | 249.00 |
| 04/01/2013 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 04/01/2013 | Citation-ISSUED ON LOCKHEED MARTIN CORPORATION-On | NUI | 8.00 |
| 04/01/2013 | Citation-ISSUED ON GREGORY HAMPTON-On 04/03/2013 | NUI | 8.00 |
| 04/01/2013 | COURT COST (PAID) trans #4 | Y | 8.00 |
| 04/01/2013 | COURT COST (PAID) trans #3 | Y | 8.00 |
| 04/01/2013 | JURY FEE | N | 30.00 |
| 04/01/2013 | COURT COST (PAID) trans #7 | Y | 30.00 |
| 04/03/2013 | PLTF'S 1ST AMND PET/REQ DISCLOSURES | I | 0.00 |
| 04/05/2013 | Citation-ISSUED ON LOCKHEED MARTIN CORPORATION-On | NUI | 8.00 |
| 04/05/2013 | COURT COST (PAID) trans #10 | Y | 8.00 |
| 04/08/2013 | PLTF'S 2ND AMND PET & REQ/DISCL | I | 0.00 |
| 04/19/2013 | Citation Tr# 4 RET EXEC(GREGORY HAMPTON) On 04/08/ | I | 0.00 |
| 04/23/2013 | Citation Tr# 10 RET EXEC(LOCKHEED MARTIN CORPORATI | I | 0.00 |
| 04/26/2013 | DEFNS ORIG ANS [GREG HAMPTON] | I | 0.00 |
| 04/30/2013 | LOCKHEED MARTIN ANSWER | I | 0.00 |

Total Number Of Records Printed:    16

# Civil Docket     Discovery: 3

141-265116-13

Cause Of Action: INJURY OR DAMAGE, DEFAMATION

|  | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| **Date Filed**<br>04/01/2013 | BRENT HOLLAND | TANNER, ROD<br>6300 RIDGLEA PLACE, STE 407 |
| **Jury 04/01/2013**<br>**Fee $ 30.00** | vs. | FORT WORTH, TX 76116-5706<br>BarID: 1963750OTX   Ph (817)377-8833   PLTF<br>TANNER AND ASSOCIATES, PC |
| **Paid BRENT**<br>**By HOLLAND** | LOCKHEED MARTIN CORPORATION,<br>ET AL | |

O R D E R S   O F   C O U R T                                                    Was Steno Used?

Date of Orders

141-265116-13

ORDERS OF COURT

Date of Orders

# Exhibit C

# Exhibit C-1

NO. **141 265116 13**

| | | |
|---|---|---|
| **BRENT HOLLAND,** | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **LOCKHEED MARTIN CORPORATION** | § | |
| DOING BUSINESS AS **LOCKHEED MARTIN** | § | |
| **AERONAUTICS COMPANY and** | § | |
| **GREGORY HAMPTON,** INDIVIDUALLY, | § | |
| | § | 141ˢᵗ **JUDICIAL DISTRICT** |
| **Defendants** | § | |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

COMES NOW Brent Holland, Plaintiff, complaining of Lockheed Martin Corporation doing business as Lockheed Martin Aeronautics Company and Gregory Hampton in his individual capacity, Defendants, and for cause of action would show the Court and jury as follows:

#### Discovery Control Plan

1.     In accordance with Rule 190.1, Texas Rules of Civil Procedure, plaintiff will conduct discovery in this civil action under Discovery Control Plan Level Three.

#### Parties

2.     Plaintiff, Brent Holland (*Holland* or *Plaintiff*), is an individual who resides in Palo Pinto, Palo Pinto County, Texas. The last three digits of his Texas Driver's License number are 985 and the last three digits of his Social Security Number are 114.

3.     Defendant, Lockheed Martin Corporation, is a Maryland corporation with headquarters in Bethesda, Maryland. Lockheed conducts its aeronautics operations as Lockheed Martin Aeronautics Company in Texas, California, Georgia, Florida, Mississippi, Pennsylvania and West Virginia. Lockheed Martin Aeronautics Company's headquarters are located in Fort Worth, Tarrant County,

Texas. Defendant can be served with process by serving Orlando Carvalho, Executive Vice President - Aeronautics, at 1 Lockheed Boulevard, Fort Worth, Tarrant County, Texas.

4.      Defendant Gregory Hampton (*Hampton)* is an individual who resides in Fort Worth, Tarrant County, Texas. Hampton may be served with process at 6425 Meadow Way Lane, Fort Worth, Tarrant County, Texas 76179.

### Jurisdiction

5.      This court has in personam jurisdiction over Defendants since Holland's cause of action arose in Texas and since Defendants are amenable to service by Texas courts. At all relevant times Lockheed has conducted manufacturing operations and maintained administrative offices in Fort Worth, Texas, and Hampton has been employed by Lockheed in its facility in Fort Worth, Texas.

6.      This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction, and the amount in controversy is within the jurisdictional limits of the Court.

### Venue

7.      Venue is proper in Tarrant County, Texas in accordance with TEX. CIV. PRAC. & REM. CODE § 15.002 in that a substantial part of the events or omissions forming the basis of Holland's claims occurred there and Lockheed Martin Aeronautics Company's principal place of business is located there.

### Facts

8.      Lockheed Martin Aeronautics Company is engaged in the design, research, development, systems integration, production and support of advanced military aircraft and related technologies. Lockheed's headquarters are situated on the Naval Air Station Fort Worth Joint Reserve Base, a military base owned by the United States Government.

**Original Petition and Request for Disclosures -- Page 2**

9.     On January 28, 1981, Lockheed hired Holland to work in the company's manufacturing plant. He has worked in the planning department since April 1986. His current classification is Manufacturing Planner Specialist. His job duties include serving as an intermediary between the engineering and production departments by processing planning and work instructions and corresponding graphics. He has been assigned to the F-35 advanced fighter program since 2009.

10.    Throughout Holland's career he has received praise and recognition as a highly skilled, resourceful and valued employee. He receives the highest hourly-rated wages for his classification.

11.    Hampton is now, and was at all relevant times, an Associate Manager of Lockheed in the Manufacturing Planning Department.

12.    Hampton has known Holland for many years. Hampton was formerly married to Sandy Hampton, Holland's sister. They were married in July 1979 and they were divorced in June 2000.

13.    Holland and Hampton were never close friends even though they were related by marriage for many years. After the divorce between Greg and Sandy Hampton, his conduct and demeanor toward Holland changed dramatically.

14.    In 2009, Sandy Hampton was admitted to Texas Health Harris Methodist Hospital in Fort Worth for a hip surgery. Christine Holland, Plaintiff's mother, and Denise Kinney (*Kinney*), Plaintiff's half-sister, went to the hospital to visit Sandy. Greg Hampton then arrived at the hospital and engaged Christine Holland and Kinney in a conversation. Speaking to Kinney, Hampton stated that if he ever had an opportunity to supervise Plaintiff, then Hampton would "fire his ass." By that time, it was clear that Hampton harbored a deeply-seated animus against Plaintiff.

15.    Lockheed disseminates company news in a publication titled *InSite*. On October 2, 2012, Lockheed published a release titled, *Appropriate Process for Entering Labor Cost Transfers*. The publication stated that Labor Cost Transfers (*LCT*) should only be entered in the time-keeping

**Original Petition and Request for Disclosures -- Page 3**

system by employees or on their behalf by their supervisor. The publication further decreed that if a supervisor entered an LCT for an employee, the supervisor was required to follow all established procedures for documenting the LCT entry with employee concurrence.

16. Lockheed publishes corporate policies and procedures on the Lockheed Martin Intranet for access by employees. These policies include Cross Function Procedure CRX-021: *Internal Investigations* and Cross Function Procedure CRX-014C: *Conflict of Interest – Family and Other Significant Relationships*.

17. At all relevant times the *Internal Investigations* policy had a stated purpose of establishing standards for investigating alleged violations of laws, regulations, policies, procedures, and the Code of Ethics and Business Conduct, (titled *Setting the Standard*) occurring in the workplace or in off-premises situations with a relationship to the workplace or that affect the workplace. The policy further specified that an internal investigation is the systematic collection and objective assessment of facts and evidence -- including interviews -- resulting in an investigatory finding. Corporate investigators were and are required to execute their responsibilities with integrity and fairness, and to consult with management, the Ethics organization, and the legal staff as necessary. According to the procedure, the Legal Department should be immediately notified if there is any suspicion of criminal activity by anyone. Employees were required to refrain from unauthorized disclosure and discussion of an internal investigation with third parties.

18. At all relevant times Lockheed's Conflict of Interest procedure required disclosure of any situation in which an employee was in a position to approve personnel actions such as work assignments for an employee with whom a family or significant relationship existed, or under circumstances that might have divided the employee's loyalties between Lockheed and his own personal interests. The policy required a director or officer to disclose any situation in which the

officer or director had a family or significant relationship with an employee who was assigned to the officer or director's function, area or department.  The policy further required management and Human Resources personnel to ensure that Lockheed did not create potential conflicts of interest when assigning personnel to job duties and responsibilities.  The Company required all business transactions and relationships, including those with employees, to be free from even the appearance of impropriety.  As defined in the Conflict of Interest publication, the term *family* included an employee's in-laws, including sibling relationships.  Lockheed further required employees to ensure compliance with this procedure by action, supervision, and continuous review.  Management was directed to foster a work environment that encouraged and facilitated honesty, integrity, and impartiality.  Managers were obligated to initiate prompt action and to notify the Legal Department of any conflicts that arose.

19.     In February 2011, Hampton became Holland's immediate supervisor.  By reason of his supervisory position, Hampton directed Holland's work activities and evaluated his performance as a Manufacturing Planning Specialist.

20.     Lockheed uses three work shifts at its Fort Worth plant.  The third shift commences at midnight and ends at 7:00 o'clock a.m. each workday.  At all relevant times the employees classified as planners who worked the third shift were authorized to work an hour of overtime each evening before their regular shift commenced at midnight.  The reason is that planners who work the first and second shifts are assigned to a 9/80 work schedule.  Those employees work long hours during the week but they are off work two Fridays every month.  The Company regularly offered overtime to employees on the 9/80 schedule on the Fridays they were normally off work.  But the planners who worked the third shift were assigned to a customary 5/40 work schedule which required them to work six and one-half hours (for eight hours of pay) five days per week.  Because the third shift employees

Original Petition and Request for Disclosures – Page 5

did not receive the same overtime opportunities as first and second shift employees received, management authorized Holland and other planners on the third shift to work one additional hour every day commencing at 11:00 p.m. This practice is demonstrated by the fact that the automated time-keeping system allowed Holland and other third shift employees to clock in an hour before the regular shift commenced at midnight.

21.     Chris Tarpley, Associate Manager, was the first manager who authorized all planners on the third shift to work an additional hour every work day beginning at 11:00 p.m. Following Tarpley, various other managers continued the practice including Don Gatch, Justin Krempe and Greg Hampton. These managers instituted a blanket overtime policy by authorizing Holland and other planners to commence work at 11:00 p.m. every work day unless and until Lockheed issued a notice of termination of the blanket overtime directive.

22.     Holland resides in Palo Pinto County 61 miles from Lockheed's plant, and the commute one way by automobile under favorable traffic and weather conditions requires at least 75 minutes. Beginning in January 2011, highway construction between Holland's residence and the Lockheed plant significantly increased his commuting time. In order to ensure that he would arrive at work in a timely manner, he began his commute to the plant each day several hours before midnight. Sometimes he arrived at the plant by 10:00 p.m. or even earlier.

23.     At all relevant times Lockheed used a program designated STARS to record the time and attendance of Holland and other employees.  STARS is an acronym for Salaried Timekeeping Attendance Reporting System.  When he arrived at the plant each evening, Holland recorded his entry in the premises by scanning his employee identification badge on an Epic terminal.  Later, when he began work, he entered a *labor input* in STARS in order to record his hours of work on his assigned program.

Original Petition and Request for Disclosures -- Page 6

24.     In February 2011, Holland discussed his early arrivals at the plant with Hampton, his supervisor. Holland explained the problems he had encountered with highway construction, and that he did not begin work before the authorized start time of 11:00 p.m. Hampton told Holland that he could enter the facility as early as necessary. The Associate Manager stated that he reviewed every employee's labor records on a daily basis, and he ensured that Holland's actual work hours were always properly recorded. Hampton assured Holland that when necessary, he would manually override the automated time-keeping system to properly reflect the hours that Holland actually worked.

25.     Tom Marrs (*Marrs*) is now, and was at all relevant times, a Senior Manager in the Manufacturing Planning Department. Hampton reported directly to Marrs at all relevant times. They are close friends who have worked closely on all operational and personnel matters in the Manufacturing Planning Department and who have socialized together frequently.

26.     On April 3, 2012, Marrs summoned Holland to his office. Marrs alleged that Holland had been working unauthorized overtime. Holland replied that Hampton had authorized him to report to the plant early, that all third shift planners had been authorized to begin work at 11:00 p.m. each day, and that Hampton had assured him all labor hours would be recorded properly. Marrs then stated he would report the alleged misconduct to the Human Resources Department, and that Hampton would discuss the matter with Holland later.

27.     After the meeting with Marrs, Holland then asked Hampton if they should confer about the allegations. Hampton declined to discuss the matter initially. Later, Hampton called Holland into a private meeting and told him that Holland would be punished for mischarging labor time. Holland was deeply shocked by Hampton's statements as he had always complied with the Associate Manager's instructions.

Original Petition and Request for Disclosures — Page 7

28.      On April 12, 2012, Lockheed directed Holland to appear for a meeting with Marrs and Brian

Conrad (*Conrad*), Labor Relations Representative. At the outset of the meeting, Marrs and Conrad

stated that Holland had worked unauthorized overtime, alleging as a matter of fact that Plaintiff had

falsified Company documents and mischarged his time on a government contract. These allegations

imputed the commission of theft of government funds, a serious crime.

29.      As the meeting progressed, the Lockheed officials shifted their discussion to other subjects.

The substance and tone of their comments disclosed they were searching intensely for some type of

misconduct other than mischarging and working unauthorized overtime. Marrs and Conrad vaguely

suggested that Holland had not been working diligently during his regular shift, stating that on a few

occasions Plaintiff had not placed his first work product into the edit process until few hours after the

shift began.

30.      At that conclusion of the April 12 meeting, Conrad then told Holland that he had been placed

on an indefinite disciplinary suspension without pay pending further investigation. Holland

requested Marrs and Conrad to state specifically why he had been suspended, asking whether the

reason was mischarging or job performance. Conrad's response was, "We're not sure at this time."

31.      On or about April 15, 2012, Hampton engaged Jack Dodgin in a conversation at the plant.

Hampton said, "Have you heard? Brent was fired. Dumbass was mischarging."

32.      Despite the serious accusations against Holland, Lockheed reinstated him to active

employment effective April 30, 2012 with no credible explanation. The Company has not

reimbursed Holland for the wages and benefits lost as a result of his suspension.

33.      Hampton had manufactured all allegations against Holland. An unknown person

(presumably one with a conscience) with access to STARS and the Company's timekeeping records

a printout of his record for the time period in question on Holland's desk soon before the April 12

suspension.  The record showed that Hampton overrode the time-keeping system and manually adjusted Holland's labor inputs to create the appearance that Holland had worked overtime without authorization on at least 14 occasions.  Each of the 14 computer entries showed that an original entry by Holland had been changed by a manager with access to STARS.  An "L" code is required to manually override the Company's automated time-keeping system in order to change time entrees. Only supervisors have an "L" code, and Hampton was the only manager with actual knowledge of Holland's daily activities.

34.     Corporate policy prohibited Hampton from making these changes to Holland's records without his written authorization.  Hampton violated this policy without justification or excuse as a means to destroy Holland's life and career.

35.     After creating fraudulent entries in the time-keeping system for the purpose of discharging Holland, Hampton reported the alleged misconduct to Marrs and the Human Resources Department. Hampton falsely accused Holland of mischarging overtime and falsifying his time records.  At all times Hampton knew that Lockheed had a zero tolerance policy regarding mischarging on government programs.  Hampton's false accusations, if accepted, thus subjected Holland to certain discharge and potential criminal prosecution.

36.     Before Marrs and Conrad suspended Holland, they had actual knowledge that Holland had not violated any corporate policy and that he had not committed any misconduct. Holland presented his evidence of Hampton's gross misconduct to both Marrs and Conrad, both of whom had all relevant STARS records. The Lockheed officials suspended Holland and accused him of gross misconduct even though they had actual knowledge that Holland was innocent of any wrongdoing.

37.     On May 2, 2012, Jim Bricker and Malcolm Lester, both employees and union officials, conferred with Conrad about Holland's employment status. Lockheed had clear and unequivocal

evidence that Hampton had manufactured a false case against Holland. Bricker asked Conrad if
Lockheed had taken disciplinary action against Hampton for entering fraudulent entries in STARS,
mischarging Holland's time, and knowingly making false accusations against Plaintiff. Conrad
responded that Lockheed was aware that Hampton was guilty of gross misconduct, but the Company
would not impose any discipline against him because Holland had been permitted to return to work
(without back pay). Conrad would not explain why Hampton's conduct did not warrant disciplinary
action despite the Company's zero tolerance policy for mischarging.

38.     At all times Hampton acted with actual malice toward Holland. In October 2012, Hampton
told Sandy Hampton that he hated Brent Holland. Hampton also stated that he wanted to obtain
Holland's reassignment to the first shift because he knew Holland strongly preferred the third shift,
and he (Hampton) wanted to make "his (Holland's) life hard." Lockheed has notified Holland that
he has been reassigned to the first shift effective April 2, 2013.

39.     Hampton falsified Company records, and then published false written and oral statements
about Holland, for an illegitimate reason without justification or excuse. At all times Hampton acted
with actual knowledge that such statements were false.

40.     Lockheed condoned, approved, and ratified Hampton's outrageous and malicious conduct.

41.     Holland has suffered severe humiliation, depression and anxiety as a result of Hampton's
false accusations against him. Holland is under the care of a psychologist, and she placed him on a
medical leave of absence effective March 25, 2013.

42.     Holland's personal and professional reputation has been harmed irreparably because of
Hampton's false accusations of gross misconduct.

43.     As a direct result of the actions of Hampton, Marrs and other corporate officials, Holland has
sustained lost income and employment benefits, and in reasonable probability he will sustain

substantial financial losses due to a serious risk of discharge. There is no question that Hampton has inflicted severe emotional distress on Holland, and the manager has commenced a course of conduct that is clearly designed to make the workplace so hostile that no reasonable person could continue to endure it.

### Count One – Statutory Libel Per Se

44.     Holland incorporates by reference the allegations contained in paragraphs 8 to 39, inclusive, as if those allegations were set forth herein verbatim.

45.     Count One is asserted against both Defendants.

46.     Defendants published statements by oral and written communications asserting as fact that Holland had falsified corporate records and had engaged in mischarging and misappropriation of government funds by working overtime without authorization. Defendants' statements referred to Holland directly.

47.     Defendants' statements were false because Holland had not falsified any corporate records, all overtime worked was authorized by management, and he had not misappropriated any funds. At the time Defendants made the statements, they knew they were false or, alternatively, they acted with reckless disregard for their truth or falsity. Such statements were published to third persons without legal justification or excuse.

48.     Defendants' written statements were libel per se as defined by Texas Civil Practice & Remedies Code section 73.001. Defendants' statements injured Holland's reputation in his occupation and employment, and exposed him to public hatred, contempt, ridicule or financial injury. Defendants' statements further impeached his honesty, integrity, virtue or reputation.

49.     Because Defendants' false statements were defamatory per se, Holland is entitled to a presumption of general damages.

50.     Holland seeks unliquidated damages within the jurisdictional limits of this Court. He is entitled to recover past and future damages for economic losses, emotional distress, reputational injuries, and other actual and special damages.

51.     Holland's injuries resulted from Defendants' malice and knowledge of the statements' falsity or reckless disregard of the truth or falsity. Accordingly, Holland is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

### Count Two – Common Law Defamation Per Se

52.     Holland incorporates by reference the allegations contained in paragraphs 8 to 39, inclusive, as if those allegations were set forth herein verbatim.

53.     Count Two is asserted against both Defendants.

54.     Defendants published statements by oral and written communications asserting as fact that Holland had falsified corporate records and had engaged in mischarging and misappropriation of government funds by working overtime without authorization. Defendants' statements referred to Holland directly.

55.     Defendants' statements were false because Holland had not falsified any corporate records, all overtime worked was authorized by management, and he had not misappropriated any funds. At the time Defendants made the statements, they knew they were false or, alternatively, they acted with reckless disregard for their truth or falsity. Such statements were published to third persons without legal justification or excuse.

56.     Defendants' oral and written statements were defamatory per se under the common law. Defendants' statements injured Holland's reputation in his occupation and employment, and falsely charged him with the commission of one or more crimes.

57.     Because Defendants' false statements were defamatory per se, Holland is entitled to a

**Original Petition and Request for Disclosures -- Page 12**

presumption of general damages.

58.     Holland seeks unliquidated damages within the jurisdictional limits of this Court. He is entitled to recover past and future damages for economic losses, emotional distress, reputational injuries, and other actual and special damages.

59.     Holland's injuries resulted from Defendants' malice and knowledge of the statements' falsity or reckless disregard of the truth or falsity. Accordingly, Holland is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

### Jury Demand

60.     Holland demands a jury trial and tenders the appropriate jury fee with this petition.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brent Holland prays that Defendants be cited to appear and answer herein and that on final trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for:

1.    Actual damages;
2.    Exemplary damages;
3.    Prejudgment and post judgment interest;
4.    Court costs;
5.    Such other and further relief to which plaintiff may be justly entitled.

### Request for Disclosures

Plaintiff Brent Holland requests that each Defendant disclose, within 50 days of service of this request, the information and documents described in Rule 194.2, Texas Rules of Civil Procedure.

Respectfully submitted,

**Tanner and Associates, PC**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833 (telephone)
817.377.1136 (telefax)
rtanner@rodtannerlaw.com

By: _____

**Rod Tanner**
State Bar No. 19637500
**Molly Ann Lawrence**
State Bar No. 24083365

**Tanner and Associates, P.C.**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833
817.377.1136 (fax)
www.rodtannerlaw.com

## 141 265116 13

Rod Tanner †*

\* Board Certified Labor and Employment Law
  Texas Board of Legal Specialization
† Fellow, The College of Labor and Employment Lawyers

Molly Ann Lawrence

B. Craig Deats *
Of Counsel

April 1, 2013

Mr. Thomas Wilder                                      Hand Delivery
District Clerk
Tarrant County District Court
Tim Curry Criminal Justice Center
401 W. Belknap St., Third Floor
Fort Worth, Texas 76196

     Re: Brent Holland v. Lockheed Martin Corporation doing business as Lockheed Martin
        Aeronautics Company and Gregory Hampton, Individually

Dear Mr. Wilder:

     Enclosed are an original and four copies of *Plaintiff's Original Petition and Request for
Disclosures* in the above referenced matter together with my firm's check in the amount of $295.00
in payment of the filing, jury and citation fees. Please file the original document and return two file-
marked copies to our courier. Also, please prepare two in-county citations and present them to our
courier.

     Thank you for your assistance in this matter.

                          Sincerely,

                          Rod Tanner

FILED
TARRANT COUNTY
2013 APR -1 AM 10: 42
THOMAS A. WILDER
DISTRICT CLERK

Enclosures (6)

cc: Brent Holland (w/enclosure)

_____4/1/13_____ (Date)
sent a copy of letter
To Doc prod ✓ T (initials).

# Exhibit C-2

NO. 141-265116-13

| | | |
|---|---|---|
| BRENT HOLLAND, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| v. | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| LOCKHEED MARTIN CORPORATION | § | |
| DOING BUSINESS AS LOCKHEED MARTIN | § | |
| AERONAUTICS COMPANY and | § | |
| GREGORY HAMPTON, INDIVIDUALLY, | § | **141ST JUDICIAL DISTRICT** |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES

COMES NOW Brent Holland, Plaintiff, and files this first amended petition complaining of

Lockheed Martin Corporation doing business as Lockheed Martin Aeronautics Company and

Gregory Hampton in his individual capacity, Defendants, and for cause of action would show the

Court and jury as follows:

### Discovery Control Plan

1.    In accordance with Rule 190.1, Texas Rules of Civil Procedure, plaintiff will conduct

discovery in this civil action under Discovery Control Plan Level Three.  Plaintiff seeks monetary

relief over $500,000 but not more than $1,000,000.

### Parties

2.    Plaintiff, Brent Holland (*Holland* or *Plaintiff*), is an individual who resides in Palo Pinto,

Palo Pinto County, Texas.  The last three digits of his Texas Driver's License number are 985

and the last three digits of his Social Security Number are 114.

3.    Defendant, Lockheed Martin Corporation, is a Maryland corporation with headquarters in

Bethesda, Maryland.  Lockheed conducts its aeronautics operations as Lockheed Martin Aeronautics

**First Amended Petition and Request for Disclosures -- Page 1**

Company in Texas, California, Georgia, Florida, Mississippi, Pennsylvania and West Virginia. Lockheed Martin Aeronautics Company's headquarters are located in Fort Worth, Tarrant County, Texas.   Defendant can be served with process by serving Orlando Carvalho, Executive Vice President - Aeronautics, at 1 Lockheed Boulevard, Fort Worth, Tarrant County, Texas.

4.      Defendant Gregory Hampton (*Hampton)* is an individual who resides in Fort Worth, Tarrant County, Texas.  Hampton may be served with process at 6425 Meadow Way Lane, Fort Worth, Tarrant County, Texas 76179.

## Jurisdiction

5.      This Court has in personam jurisdiction over Defendants since Holland's cause of action arose in Texas and since Defendants are amenable to service by Texas courts.  At all relevant times Lockheed has conducted manufacturing operations and maintained administrative offices in Fort Worth, Texas, and Hampton has been employed by Lockheed in its facility in Fort Worth, Texas.

6.      This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction.  The damages sought are within the jurisdictional limits of the Court.

## Venue

7.      Venue is proper in Tarrant County, Texas in accordance with TEX. CIV. PRAC. & REM. CODE § 15.002 in that a substantial part of the events or omissions forming the basis of Holland's claims occurred there and Lockheed Martin Aeronautics Company's principal place of business is located there.

## Facts

8.      Lockheed Martin Aeronautics Company is engaged in the design, research, development, systems integration, production and support of advanced military aircraft and related technologies. Lockheed's headquarters are situated on the Naval Air Station Fort Worth Joint Reserve Base, a

military base owned by the United States Government.

9. On January 28, 1981, Lockheed hired Holland to work in the company's manufacturing plant. He has worked in the planning department since April 1986. His current classification is Manufacturing Planner Specialist. His job duties include serving as an intermediary between the engineering and production departments by processing planning and work instructions and corresponding graphics. He has been assigned to the F-35 advanced fighter program since 2009.

10. Throughout Holland's career he has received praise and recognition as a highly skilled, resourceful and valued employee. He receives the highest hourly-rated wages for his classification.

11. Hampton is now, and was at all relevant times, an Associate Manager of Lockheed in the Manufacturing Planning Department.

12. Hampton has known Holland for many years. Hampton was formerly married to Sandy Hampton, Holland's sister. They were married in July 1979 and they were divorced in June 2000.

13. Holland and Hampton were never close friends even though they were related by marriage for many years. After the divorce between Greg and Sandy Hampton, his conduct and demeanor toward Holland changed dramatically.

14. In 2009, Sandy Hampton was admitted to Texas Health Harris Methodist Hospital in Fort Worth for a hip surgery. Christine Holland, Plaintiff's mother, and Denise Kinney (*Kinney*), Plaintiff's half-sister, went to the hospital to visit Sandy. Greg Hampton then arrived at the hospital and engaged Christine Holland and Kinney in a conversation. Speaking to Kinney, Hampton stated that if he ever had an opportunity to supervise Plaintiff, then Hampton would "fire his ass." By that time, it was clear that Hampton harbored a deeply-seated animus against Plaintiff.

15. Lockheed disseminates company news in a publication titled *InSite*. On October 2, 2012,

**First Amended Petition and Request for Disclosures – Page 3**

Lockheed published a release titled, *Appropriate Process for Entering Labor Cost Transfers*. The publication stated that Labor Cost Transfers (*LCT*) should only be entered in the time-keeping system by employees or on their behalf by their supervisor. The publication further decreed that if a supervisor entered an LCT for an employee, the supervisor was required to follow all established procedures for documenting the LCT entry with employee concurrence.

16.     Lockheed publishes corporate policies and procedures on the Lockheed Martin Intranet for access by employees.    These policies include Cross Function Procedure CRX-021: *Internal Investigations* and Cross Function Procedure CRX-014C: *Conflict of Interest – Family and Other Significant Relationships*.

17.     At all relevant times the *Internal Investigations* policy had a stated purpose of establishing standards for investigating alleged violations of laws, regulations, policies, procedures, and the Code of Ethics and Business Conduct, (titled *Setting the Standard*) occurring in the workplace or in off-premises situations with a relationship to the workplace or that affect the workplace. The policy further specified that an internal investigation is the systematic collection and objective assessment of facts and evidence -- including interviews -- resulting in an investigatory finding. Corporate investigators were and are required to execute their responsibilities with integrity and fairness, and to consult with management, the Ethics organization, and the legal staff as necessary. According to the procedure, the Legal Department should be immediately notified if there is any suspicion of criminal activity by anyone. Employees were required to refrain from unauthorized disclosure and discussion of an internal investigation with third parties.

18.     At all relevant times Lockheed's Conflict of Interest procedure required disclosure of any situation in which an employee was in a position to approve personnel actions such as work assignments for an employee with whom a family or significant relationship existed, or under

circumstances that might have divided the employee's loyalties between Lockheed and his own personal interests. The policy required a director or officer to disclose any situation in which the officer or director had a family or significant relationship with an employee who was assigned to the officer or director's function, area or department. The policy further required management and Human Resources personnel to ensure that Lockheed did not create potential conflicts of interest when assigning personnel to job duties and responsibilities. The Company required all business transactions and relationships, including those with employees, to be free from even the appearance of impropriety. As defined in the Conflict of Interest publication, the term *family* included an employee's in-laws, including sibling relationships. Lockheed further required employees to ensure compliance with this procedure by action, supervision, and continuous review. Management was directed to foster a work environment that encouraged and facilitated honesty, integrity, and impartiality. Managers were obligated to initiate prompt action and to notify the Legal Department of any conflicts that arose.

19.     In February 2011, Hampton became Holland's immediate supervisor. By reason of his supervisory position, Hampton directed Holland's work activities and evaluated his performance as a Manufacturing Planning Specialist.

20.     Lockheed uses three work shifts at its Fort Worth plant. The third shift commences at midnight and ends at 7:00 o'clock a.m. each workday. At all relevant times the employees classified as planners who worked the third shift were authorized to work an hour of overtime each evening before their regular shift commenced at midnight. The reason is that planners who work the first and second shifts are assigned to a 9/80 work schedule. Those employees work long hours during the week but they are off work two Fridays every month. The Company regularly offered overtime to employees on the 9/80 schedule on the Fridays they were normally off work. But the planners who

worked the third shift were assigned to a customary 5/40 work schedule which required them to work six and one-half hours (for eight hours of pay) five days per week. Because the third shift employees did not receive the same overtime opportunities as first and second shift employees received, management authorized Holland and other planners on the third shift to work one additional hour every day commencing at 11:00 p.m. This practice is demonstrated by the fact that the automated time-keeping system allowed Holland and other third shift employees to clock in an hour before the regular shift commenced at midnight.

21.     Chris Tarpley, Associate Manager, was the first manager who authorized all planners on the third shift to work an additional hour every work day beginning at 11:00 p.m. Following Tarpley, various other managers continued the practice including Don Gatch, Justin Krempe and Greg Hampton. These managers instituted a blanket overtime policy by authorizing Holland and other planners to commence work at 11:00 p.m. every work day unless and until Lockheed issued a notice of termination of the blanket overtime directive.

22.     Holland resides in Palo Pinto County 61 miles from Lockheed's plant, and the commute one way by automobile under favorable traffic and weather conditions requires at least 75 minutes. Beginning in January 2011, highway construction between Holland's residence and the Lockheed plant significantly increased his commuting time. In order to ensure that he would arrive at work in a timely manner, he began his commute to the plant each day several hours before midnight. Sometimes he arrived at the plant by 10:00 p.m. or even earlier.

23.     At all relevant times Lockheed used a program designated STARS to record the time and attendance of Holland and other employees. STARS is an acronym for Salaried Timekeeping Attendance Reporting System. When he arrived at the plant each evening, Holland recorded his entry in the premises by scanning his employee identification badge on an Epic terminal. Later,

**First Amended Petition and Request for Disclosures -- Page 6**

when he began work, he entered a *labor input* in STARS in order to record his hours of work on his assigned program.

24.   In February 2011, Holland discussed his early arrivals at the plant with Hampton, his supervisor. Holland explained the problems he had encountered with highway construction, and that he did not begin work before the authorized start time of 11:00 p.m. Hampton told Holland that he could enter the facility as early as necessary. The Associate Manager stated that he reviewed every employee's labor records on a daily basis, and he ensured that Holland's actual work hours were always properly recorded. Hampton assured Holland that when necessary, he would manually override the automated time-keeping system to properly reflect the hours that Holland actually worked.

25.   Tom Marrs (*Marrs*) is now, and was at all relevant times, a Senior Manager in the Manufacturing Planning Department. Hampton reported directly to Marrs at all relevant times. They are close friends who have worked closely on all operational and personnel matters in the Manufacturing Planning Department and who have socialized together frequently.

26.   On April 3, 2012, Marrs summoned Holland to his office. Marrs alleged that Holland had been working unauthorized overtime. Holland replied that Hampton had authorized him to report to the plant early, that all third shift planners had been authorized to begin work at 11:00 p.m. each day, and that Hampton had assured him all labor hours would be recorded properly. Marrs then stated he would report the alleged misconduct to the Human Resources Department, and that Hampton would discuss the matter with Holland later.

27.   After the meeting with Marrs, Holland then asked Hampton if they should confer about the allegations. Hampton declined to discuss the matter initially. Later, Hampton called Holland into a private meeting and told him that Holland would be punished for mischarging labor time. Holland

**First Amended Petition and Request for Disclosures -- Page 7**

was deeply shocked by Hampton's statements as he had always complied with the Associate Manager's instructions.

28.     On April 12, 2012, Lockheed directed Holland to appear for a meeting with Marrs and Brian Conrad (*Conrad*), Labor Relations Representative.  At the outset of the meeting, Marrs and Conrad stated that Holland had worked unauthorized overtime, alleging as a matter of fact that Plaintiff had falsified Company documents and mischarged his time on a government contract.  These allegations imputed the commission of theft of government funds, a serious crime.

29.     As the meeting progressed, the Lockheed officials shifted their discussion to other subjects. The substance and tone of their comments disclosed they were searching intensely for some type of misconduct other than mischarging and working unauthorized overtime.  Marrs and Conrad vaguely suggested that Holland had not been working diligently during his regular shift, stating that on a few occasions Plaintiff had not placed his first work product into the edit process until few hours after the shift began.

30.     At that conclusion of the April 12 meeting, Conrad then told Holland that he had been placed on an indefinite disciplinary suspension without pay pending further investigation.   Holland requested Marrs and Conrad to state specifically why he had been suspended, asking whether the reason was mischarging or job performance.  Conrad's response was, "We're not sure at this time."

31.     On or about April 15, 2012, Hampton engaged Jack Dodgin in a conversation at the plant. Hampton said, "Have you heard?  Brent was fired.  Dumbass was mischarging."

32.     Despite the serious accusations against Holland, Lockheed reinstated him to active employment effective April 30, 2012 with no credible explanation.  The Company has not reimbursed Holland for the wages and benefits lost as a result of his suspension.

33.     Hampton had manufactured all allegations against Holland.   An unknown person

First Amended Petition and Request for Disclosures -- Page 8

(presumably one with a conscience) with access to STARS and the Company's timekeeping records a printout of his record for the time period in question on Holland's desk soon before the April 12 suspension. The record showed that Hampton overrode the time-keeping system and manually adjusted Holland's labor inputs to create the appearance that Holland had worked overtime without authorization on at least 14 occasions. Each of the 14 computer entries showed that an original entry by Holland had been changed by a manager with access to STARS. An "L" code is required to manually override the Company's automated time-keeping system in order to change time entrees. Only supervisors have an "L" code, and Hampton was the only manager with actual knowledge of Holland's daily activities.

34. Corporate policy prohibited Hampton from making these changes to Holland's records without his written authorization. Hampton violated this policy without justification or excuse as a means to destroy Holland's life and career.

35. After creating fraudulent entries in the time-keeping system for the purpose of discharging Holland, Hampton reported the alleged misconduct to Marrs and the Human Resources Department. Hampton falsely accused Holland of mischarging overtime and falsifying his time records. At all times Hampton knew that Lockheed had a zero tolerance policy regarding mischarging on government programs. Hampton's false accusations, if accepted, thus subjected Holland to certain discharge and potential criminal prosecution.

36. Before Marrs and Conrad suspended Holland, they had actual knowledge that Holland had not violated any corporate policy and that he had not committed any misconduct. Holland presented his evidence of Hampton's gross misconduct to both Marrs and Conrad, both of whom had all relevant STARS records. The Lockheed officials suspended Holland and accused him of gross misconduct even though they had actual knowledge that Holland was innocent of any wrongdoing.

First Amended Petition and Request for Disclosures -- Page 9

37.     On May 2, 2012, Jim Bricker and Malcolm Lester, both employees and union officials, conferred with Conrad about Holland's employment status. Lockheed had clear and unequivocal evidence that Hampton had manufactured a false case against Holland. Bricker asked Conrad if Lockheed had taken disciplinary action against Hampton for entering fraudulent entries in STARS, mischarging Holland's time, and knowingly making false accusations against Plaintiff. Conrad responded that Lockheed was aware that Hampton was guilty of gross misconduct, but the Company would not impose any discipline against him because Holland had been permitted to return to work (without back pay). Conrad would not explain why Hampton's conduct did not warrant disciplinary action despite the Company's zero tolerance policy for mischarging.

38.     At all times Hampton acted with actual malice toward Holland. In October 2012, Hampton told Sandy Hampton that he hated Brent Holland. Hampton also stated that he wanted to obtain Holland's reassignment to the first shift because he knew Holland strongly preferred the third shift, and he (Hampton) wanted to make "his (Holland's) life hard." Lockheed has notified Holland that he has been reassigned to the first shift effective April 2, 2013.

39.     Hampton falsified Company records, and then published false written and oral statements about Holland, for an illegitimate reason without justification or excuse. At all times Hampton acted with actual knowledge that such statements were false.

40.     Lockheed condoned, approved, and ratified Hampton's outrageous and malicious conduct.

41.     Holland has suffered severe humiliation, depression and anxiety as a result of Hampton's false accusations against him. Holland is under the care of a psychologist, and she placed him on a medical leave of absence effective March 25, 2013.

42.     Holland's personal and professional reputation has been harmed irreparably because of Hampton's false accusations of gross misconduct.

**First Amended Petition and Request for Disclosures – Page 10**

43.     As a direct result of the actions of Hampton, Marrs and other corporate officials, Holland has

sustained lost income and employment benefits, and in reasonable probability he will sustain

substantial financial losses due to a serious risk of discharge.  There is no question that Hampton has

inflicted severe emotional distress on Holland, and the manager has commenced a course of conduct

that is clearly designed to make the workplace so hostile that no reasonable person could continue to

endure it.

### Count One – Statutory Libel Per Se

44.     Holland incorporates by reference the allegations contained in paragraphs 8 to 39, inclusive,

as if those allegations were set forth herein verbatim.

45.     Count One is asserted against both Defendants.

46.     Defendants published statements by oral and written communications asserting as fact that

Holland had falsified corporate records and had engaged in mischarging and misappropriation of

government funds by working overtime without authorization. Defendants' statements referred to

Holland directly.

47.     Defendants' statements were false because Holland had not falsified any corporate records,

all overtime worked was authorized by management, and he had not misappropriated any funds.  At

the time Defendants made the statements, they knew they were false or, alternatively, they acted with

reckless disregard for their truth or falsity.  Such statements were published to third persons without

legal justification or excuse.

48.     Defendants' written statements were libel per se as defined by Texas Civil Practice &

Remedies Code section 73.001.  Defendants' statements injured Holland's reputation in his

occupation and employment, and exposed him to public hatred, contempt, ridicule or financial

injury.  Defendants' statements further impeached his honesty, integrity, virtue or reputation.

49.     Because Defendants' false statements were defamatory per se, Holland is entitled to a presumption of general damages.

50.     Holland seeks damages within the jurisdictional limits of this Court. He is entitled to recover past and future damages for economic losses, emotional distress, reputational injuries, and other actual, general and special damages.

51.     Holland's injuries resulted from Defendants' malice and knowledge of the statements' falsity or reckless disregard of the truth or falsity. Accordingly, Holland is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

### Count Two – Common Law Defamation Per Se

52.     Holland incorporates by reference the allegations contained in paragraphs 8 to 39, inclusive, as if those allegations were set forth herein verbatim.

53.     Count Two is asserted against both Defendants.

54.     Defendants published statements by oral and written communications asserting as fact that Holland had falsified corporate records and had engaged in mischarging and misappropriation of government funds by working overtime without authorization. Defendants' statements referred to Holland directly.

55.     Defendants' statements were false because Holland had not falsified any corporate records, all overtime worked was authorized by management, and he had not misappropriated any funds. At the time Defendants made the statements, they knew they were false or, alternatively, they acted with reckless disregard for their truth or falsity. Such statements were published to third persons without legal justification or excuse.

56.     Defendants' oral and written statements were defamatory per se under the common law. Defendants' statements injured Holland's reputation in his occupation and employment, and falsely

charged him with the commission of one or more crimes.

57.     Because Defendants' false statements were defamatory per se, Holland is entitled to a presumption of general damages.

58.     Holland seeks damages within the jurisdictional limits of this Court. He is entitled to recover past and future damages for economic losses, emotional distress, reputational injuries, and other actual, general and special damages.

59.     Holland's injuries resulted from Defendants' malice and knowledge of the statements' falsity or reckless disregard of the truth or falsity.  Accordingly, Holland is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

### Jury Demand

60.     Holland demands a jury trial and he has tendered the appropriate jury fee.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brent Holland prays that Defendants be cited to appear and answer herein and that on final trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for:

1.     Actual damages;
2.     Exemplary damages;
3.     Prejudgment and post judgment interest;
4.     Court costs;
5.     Such other and further relief to which plaintiff may be justly entitled.

### Request for Disclosures

Plaintiff Brent Holland requests that each Defendant disclose, within 50 days of service of this request, the information and documents described in Rule 194.2, Texas Rules of Civil Procedure.

**First Amended Petition and Request for Disclosures -- Page 13**

Respectfully submitted,

**Tanner and Associates, PC**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833 (telephone)
817.377.1136 (telefax)
rtanner@rodtannerlaw.com

By: _____
**Rod Tanner**
State Bar No. 19637500
**Molly Ann Lawrence**
State Bar No. 24083365

**Tanner and Associates, P.C.**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833
817.377.1136 (fax)
www.rodtannerlaw.com

*FILED
TARRANT COUNTY
2013 APR -3 A 10: 25
THOMAS A. WILDER
DISTRICT CLERK*

Rod Tanner †*

Molly Ann Lawrence

* Board Certified Labor and Employment Law
  Texas Board of Legal Specialization
† Fellow, The College of Labor and Employment Lawyers

B. Craig Deats *
Of Counsel

April 3, 2013

Ms. Stacci Reynolds
Tarrant County District Clerk's Office
Document Production
Tim Curry Criminal Justice Center
401 W. Belknap, Third Floor
Fort Worth, TX 76196-0230

Hand Delivery

     Re: No. 141-265116-13; *Brent Holland v. Lockheed Martin Corp. doing business as
     Lockheed Martin Aeronautics Company and Gregory Hampton, Individually*

Dear Stacci:

     Enclosed are an original and four copies of *Plaintiff's First Amended Petition and Request
for Disclosures*. Please file the original document and return two file-marked copies to our courier.
Additionally, two citations have already been prepared in connection with the filing of plaintiff's
original petition on April 1, 2013. **Please modify the citations to include service of both *Plaintiff's
Original Petition and Request for Disclosures* and *Plaintiff's First Amended Petition and Request
for Disclosures*.** I would be happy to pay an additional fee for preparation of new citations if
necessary. Please notify Britney Hamilton, Legal Assistant, when the amended citations are ready
to be picked up.

     Thank you for your consideration in this matter.

                     Sincerely,

*Spoke w/ Brittany
they no longer
need citations*

                     Rod Tanner

Enclosures (5)

# Exhibit C-3

NO. 141-265116-13

| | | |
|---|---|---|
| **BRENT HOLLAND,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **LOCKHEED MARTIN CORPORATION** | § | **TARRANT COUNTY, TEXAS** |
| **DOING BUSINESS AS LOCKHEED MARTIN** | § | |
| **AERONAUTICS COMPANY and** | § | |
| **GREGORY HAMPTON, INDIVIDUALLY,** | § | |
| | § | **141ST JUDICIAL DISTRICT** |
| **Defendants** | § | |

### PLAINTIFF'S SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURES

COMES NOW Brent Holland, Plaintiff, and files this second amended petition complaining of Lockheed Martin Corporation doing business as Lockheed Martin Aeronautics Company and Gregory Hampton in his individual capacity, Defendants, and for cause of action would show the Court and jury as follows:

#### Discovery Control Plan

1.     In accordance with Rule 190.1, Texas Rules of Civil Procedure, plaintiff will conduct discovery in this civil action under Discovery Control Plan Level Three.  Plaintiff seeks monetary relief over $500,000 but not more than $1,000,000.

#### Parties

2.     Plaintiff, Brent Holland (*Holland* or *Plaintiff*), is an individual who resides in Palo Pinto, Palo Pinto County, Texas.  The last three digits of his Texas Driver's License number are 985 and the last three digits of his Social Security Number are 114.

3.     Defendant, Lockheed Martin Corporation, is a Maryland corporation with headquarters in Bethesda, Maryland.  Lockheed conducts its aeronautics operations as Lockheed Martin Aeronautics

**Second Amended Petition and Request for Disclosures -- Page 1**

Company in Texas, California, Georgia, Florida, Mississippi, Pennsylvania and West Virginia. Lockheed Martin Aeronautics Company's headquarters are located in Fort Worth, Tarrant County, Texas. Defendant can be served with process by serving its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Travis County, Texas 78701-3218.

4.      Defendant Gregory Hampton (*Hampton)* is an individual who resides in Fort Worth, Tarrant County, Texas. Hampton may be served with process at 6425 Meadow Way Lane, Fort Worth, Tarrant County, Texas 76179.

## Jurisdiction

5.      This Court has in personam jurisdiction over Defendants since Holland's cause of action arose in Texas and since Defendants are amenable to service by Texas courts. At all relevant times Lockheed has conducted manufacturing operations and maintained administrative offices in Fort Worth, Texas, and Hampton has been employed by Lockheed in its facility in Fort Worth, Texas.

6.      This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction. The damages sought are within the jurisdictional limits of the Court.

## Venue

7.      Venue is proper in Tarrant County, Texas in accordance with TEX. CIV. PRAC. & REM. CODE § 15.002 in that a substantial part of the events or omissions forming the basis of Holland's claims occurred there and Lockheed Martin Aeronautics Company's principal place of business is located there.

## Facts

8.      Lockheed Martin Aeronautics Company is engaged in the design, research, development, systems integration, production and support of advanced military aircraft and related technologies. Lockheed's headquarters are situated on the Naval Air Station Fort Worth Joint Reserve Base, a

**Second Amended Petition and Request for Disclosures – Page 2**

military base owned by the United States Government.

9.      On January 28, 1981, Lockheed hired Holland to work in the company's manufacturing plant. He has worked in the planning department since April 1986. His current classification is Manufacturing Planner Specialist. His job duties include serving as an intermediary between the engineering and production departments by processing planning and work instructions and corresponding graphics. He has been assigned to the F-35 advanced fighter program since 2009.

10.     Throughout Holland's career he has received praise and recognition as a highly skilled, resourceful and valued employee. He receives the highest hourly-rated wages for his classification.

11.     Hampton is now, and was at all relevant times, an Associate Manager of Lockheed in the Manufacturing Planning Department.

12.     Hampton has known Holland for many years. Hampton was formerly married to Sandy Hampton, Holland's sister. They were married in July 1979 and they were divorced in June 2000.

13.     Holland and Hampton were never close friends even though they were related by marriage for many years. After the divorce between Greg and Sandy Hampton, his conduct and demeanor toward Holland changed dramatically.

14.     In October 2010, Sandy Hampton was admitted to Texas Health Harris Methodist Hospital in Fort Worth for a hip surgery. Christine Holland, Plaintiff's mother, and Denise Kinney (*Kinney*), Plaintiff's half-sister, went to the hospital to visit Sandy. Greg Hampton then arrived at the hospital and engaged Christine Holland and Kinney in a conversation. Speaking to Kinney, Hampton stated that if he ever had an opportunity to supervise Plaintiff, then Hampton would "fire his ass." By that time, it was clear that Hampton harbored a deeply-seated animus against Plaintiff.

15.     Lockheed disseminates company news in a publication titled *InSite*. On October 2, 2012, Lockheed published a release titled, *Appropriate Process for Entering Labor Cost Transfers*. The

publication stated that Labor Cost Transfers (*LCT*) should only be entered in the time-keeping system by employees or on their behalf by their supervisor. The publication further decreed that if a supervisor entered an LCT for an employee, the supervisor was required to follow all established procedures for documenting the LCT entry with employee concurrence.

16.     Lockheed publishes corporate policies and procedures on the Lockheed Martin Intranet for access by employees.   These policies include Cross Function Procedure CRX-021: *Internal Investigations* and Cross Function Procedure CRX-014C: *Conflict of Interest – Family and Other Significant Relationships*.

17.     At all relevant times the *Internal Investigations* policy had a stated purpose of establishing standards for investigating alleged violations of laws, regulations, policies, procedures, and the Code of Ethics and Business Conduct, (titled *Setting the Standard*) occurring in the workplace or in off-premises situations with a relationship to the workplace or that affect the workplace.  The policy further specified that an internal investigation is the systematic collection and objective assessment of facts and evidence -- including interviews -- resulting in an investigatory finding.  Corporate investigators were and are required to execute their responsibilities with integrity and fairness, and to consult with management, the Ethics organization, and the legal staff as necessary.  According to the procedure, the Legal Department should be immediately notified if there is any suspicion of criminal activity by anyone.  Employees were required to refrain from unauthorized disclosure and discussion of an internal investigation with third parties.

18.     At all relevant times Lockheed's Conflict of Interest procedure required disclosure of any situation in which an employee was in a position to approve personnel actions such as work assignments for an employee with whom a family or significant relationship existed, or under circumstances that might have divided the employee's loyalties between Lockheed and his own

personal interests. The policy required a director or officer to disclose any situation in which the officer or director had a family or significant relationship with an employee who was assigned to the officer or director's function, area or department. The policy further required management and Human Resources personnel to ensure that Lockheed did not create potential conflicts of interest when assigning personnel to job duties and responsibilities. The Company required all business transactions and relationships, including those with employees, to be free from even the appearance of impropriety. As defined in the Conflict of Interest publication, the term *family* included an employee's in-laws, including sibling relationships. Lockheed further required employees to ensure compliance with this procedure by action, supervision, and continuous review. Management was directed to foster a work environment that encouraged and facilitated honesty, integrity, and impartiality. Managers were obligated to initiate prompt action and to notify the Legal Department of any conflicts that arose.

19. In February 2011, Hampton became Holland's immediate supervisor. By reason of his supervisory position, Hampton directed Holland's work activities and evaluated his performance as a Manufacturing Planning Specialist.

20. Lockheed uses three work shifts at its Fort Worth plant. The third shift commences at midnight and ends at 7:00 o'clock a.m. each workday. At all relevant times the employees classified as planners who worked the third shift were authorized to work an hour of overtime each evening before their regular shift commenced at midnight. The reason is that planners who work the first and second shifts are assigned to a 9/80 work schedule. Those employees work long hours during the week but they are off work two Fridays every month. The Company regularly offered overtime to employees on the 9/80 schedule on the Fridays they were normally off work. But the planners who worked the third shift were assigned to a customary 5/40 work schedule which required them to work

Second Amended Petition and Request for Disclosures -- Page 5

six and one-half hours (for eight hours of pay) five days per week. Because the third shift employees did not receive the same overtime opportunities as first and second shift employees received, management authorized Holland and other planners on the third shift to work one additional hour every day commencing at 11:00 p.m. This practice is demonstrated by the fact that the automated time-keeping system allowed Holland and other third shift employees to clock in an hour before the regular shift commenced at midnight.

21.     Chris Tarpley, Associate Manager, was the first manager who authorized all planners on the third shift to work an additional hour every work day beginning at 11:00 p.m. Following Tarpley, various other managers continued the practice including Don Gatch, Justin Krempe and Greg Hampton. These managers instituted a blanket overtime policy by authorizing Holland and other planners to commence work at 11:00 p.m. every work day unless and until Lockheed issued a notice of termination of the blanket overtime directive.

22.     Holland resides in Palo Pinto County 61 miles from Lockheed's plant, and the commute one way by automobile under favorable traffic and weather conditions requires at least 75 minutes. Beginning in January 2011, highway construction between Holland's residence and the Lockheed plant significantly increased his commuting time. In order to ensure that he would arrive at work in a timely manner, he began his commute to the plant each day several hours before midnight. Sometimes he arrived at the plant by 10:00 p.m. or even earlier.

23.     At all relevant times Lockheed used a program designated STARS to record the time and attendance of Holland and other employees. STARS is an acronym for Salaried Timekeeping Attendance Reporting System. When he arrived at the plant each evening, Holland recorded his entry in the premises by scanning his employee identification badge on an Epic terminal. Later, when he began work, he entered a *labor input* in STARS in order to record his hours of work on his

assigned program.

24.    In February 2011, Holland discussed his early arrivals at the plant with Hampton, his supervisor. Holland explained the problems he had encountered with highway construction, and that he did not begin work before the authorized start time of 11:00 p.m. Hampton told Holland that he could enter the facility as early as necessary. The Associate Manager stated that he reviewed every employee's labor records on a daily basis, and he ensured that Holland's actual work hours were always properly recorded. Hampton assured Holland that when necessary, he would manually override the automated time-keeping system to properly reflect the hours that Holland actually worked.

25.    Tom Marrs (*Marrs*) is now, and was at all relevant times, a Senior Manager in the Manufacturing Planning Department. Hampton reported directly to Marrs at all relevant times. They are close friends who have worked closely on all operational and personnel matters in the Manufacturing Planning Department and who have socialized together frequently.

26.    On April 3, 2012, Marrs summoned Holland to his office. Marrs alleged that Holland had been working unauthorized overtime. Holland replied that Hampton had authorized him to report to the plant early, that all third shift planners had been authorized to begin work at 11:00 p.m. each day, and that Hampton had assured him all labor hours would be recorded properly. Marrs then stated he would report the alleged misconduct to the Human Resources Department, and that Hampton would discuss the matter with Holland later.

27.    After the meeting with Marrs, Holland then asked Hampton if they should confer about the allegations. Hampton declined to discuss the matter initially. Later, Hampton called Holland into a private meeting and told him that Holland would be punished for mischarging labor time. Holland was deeply shocked by Hampton's statements as he had always complied with the Associate

Manager's instructions.

28.     On April 12, 2012, Lockheed directed Holland to appear for a meeting with Marrs and Brian Conrad (*Conrad*), Labor Relations Representative.  At the outset of the meeting, Marrs and Conrad stated that Holland had worked unauthorized overtime, alleging as a matter of fact that Plaintiff had falsified Company documents and mischarged his time on a government contract.  These allegations imputed the commission of theft of government funds, a serious crime.

29.     As the meeting progressed, the Lockheed officials shifted their discussion to other subjects. The substance and tone of their comments disclosed they were searching intensely for some type of misconduct other than mischarging and working unauthorized overtime.  Marrs and Conrad vaguely suggested that Holland had not been working diligently during his regular shift, stating that on a few occasions Plaintiff had not placed his first work product into the edit process until few hours after the shift began.

30.     At that conclusion of the April 12 meeting, Conrad then told Holland that he had been placed on an indefinite disciplinary suspension without pay pending further investigation.  Holland requested Marrs and Conrad to state specifically why he had been suspended, asking whether the reason was mischarging or job performance.  Conrad's response was, "We're not sure at this time."

31.     On or about April 15, 2012, Hampton engaged Jack Dodgin in a conversation at the plant. Hampton said, "Have you heard?  Brent was fired.  Dumbass was mischarging."

32.     Despite the serious accusations against Holland, Lockheed reinstated him to active employment effective April 30, 2012 with no credible explanation.  The Company has not reimbursed Holland for the wages and benefits lost as a result of his suspension.

33.     Hampton had manufactured all allegations against Holland.   An unknown person (presumably one with a conscience) with access to STARS and the Company's timekeeping records

**Second Amended Petition and Request for Disclosures – Page 8**

a printout of his record for the time period in question on Holland's desk soon before the April 12

suspension. The record showed that Hampton overrode the time-keeping system and manually

adjusted Holland's labor inputs to create the appearance that Holland had worked overtime without

authorization on at least 14 occasions. Each of the 14 computer entries showed that an original

entry by Holland had been changed by a manager with access to STARS. An "L" code is required to

manually override the Company's automated time-keeping system in order to change time entrees.

Only supervisors have an "L" code, and Hampton was the only manager with actual knowledge of

Holland's daily activities.

34.    Corporate policy prohibited Hampton from making these changes to Holland's records

without his written authorization. Hampton violated this policy without justification or excuse as a

means to destroy Holland's life and career.

35.    After creating fraudulent entries in the time-keeping system for the purpose of discharging

Holland, Hampton reported the alleged misconduct to Marrs and the Human Resources Department.

Hampton falsely accused Holland of mischarging overtime and falsifying his time records. At all

times Hampton knew that Lockheed had a zero tolerance policy regarding mischarging on

government programs. Hampton's false accusations, if accepted, thus subjected Holland to certain

discharge and potential criminal prosecution.

36.    Before Marrs and Conrad suspended Holland, they had actual knowledge that Holland had

not violated any corporate policy and that he had not committed any misconduct. Holland presented

his evidence of Hampton's gross misconduct to both Marrs and Conrad, both of whom had all

relevant STARS records. The Lockheed officials suspended Holland and accused him of gross

misconduct even though they had actual knowledge that Holland was innocent of any wrongdoing.

37.    On May 2, 2012, Jim Bricker and Malcolm Lester, both employees and union officials,

conferred with Conrad about Holland's employment status. Lockheed had clear and unequivocal evidence that Hampton had manufactured a false case against Holland. Bricker asked Conrad if Lockheed had taken disciplinary action against Hampton for entering fraudulent entries in STARS, mischarging Holland's time, and knowingly making false accusations against Plaintiff. Conrad responded that Lockheed was aware that Hampton was guilty of gross misconduct, but the Company would not impose any discipline against him because Holland had been permitted to return to work (without back pay). Conrad would not explain why Hampton's conduct did not warrant disciplinary action despite the Company's zero tolerance policy for mischarging.

38.     At all times Hampton acted with actual malice toward Holland. In October 2012, Hampton told Sandy Hampton that he hated Brent Holland. Hampton also stated that he wanted to obtain Holland's reassignment to the first shift because he knew Holland strongly preferred the third shift, and he (Hampton) wanted to make "his (Holland's) life hard." Lockheed has notified Holland that he has been reassigned to the first shift effective April 2, 2013.

39.     Hampton falsified Company records, and then published false written and oral statements about Holland, for an illegitimate reason without justification or excuse. At all times Hampton acted with actual knowledge that such statements were false.

40.     Lockheed condoned, approved, and ratified Hampton's outrageous and malicious conduct.

41.     Holland has suffered severe humiliation, depression and anxiety as a result of Hampton's false accusations against him. Holland is under the care of a psychologist, and she placed him on a medical leave of absence effective March 25, 2013.

42.     Holland's personal and professional reputation has been harmed irreparably because of Hampton's false accusations of gross misconduct.

43.     As a direct result of the actions of Hampton, Marrs and other corporate officials, Holland has

sustained lost income and employment benefits, and in reasonable probability he will sustain substantial financial losses due to a serious risk of discharge. There is no question that Hampton has inflicted severe emotional distress on Holland, and the manager has commenced a course of conduct that is clearly designed to make the workplace so hostile that no reasonable person could continue to endure it.

### Count One – Statutory Libel Per Se

44. Holland incorporates by reference the allegations contained in paragraphs 8 to 39, inclusive, as if those allegations were set forth herein verbatim.

45. Count One is asserted against both Defendants.

46. Defendants published statements by oral and written communications asserting as fact that Holland had falsified corporate records and had engaged in mischarging and misappropriation of government funds by working overtime without authorization. Defendants' statements referred to Holland directly.

47. Defendants' statements were false because Holland had not falsified any corporate records, all overtime worked was authorized by management, and he had not misappropriated any funds. At the time Defendants made the statements, they knew they were false or, alternatively, they acted with reckless disregard for their truth or falsity. Such statements were published to third persons without legal justification or excuse.

48. Defendants' written statements were libel per se as defined by Texas Civil Practice & Remedies Code section 73.001. Defendants' statements injured Holland's reputation in his occupation and employment, and exposed him to public hatred, contempt, ridicule or financial injury. Defendants' statements further impeached his honesty, integrity, virtue or reputation.

49. Because Defendants' false statements were defamatory per se, Holland is entitled to a

presumption of general damages.

50.     Holland seeks damages within the jurisdictional limits of this Court. He is entitled to recover past and future damages for economic losses, emotional distress, reputational injuries, and other actual, general and special damages.

51.     Holland's injuries resulted from Defendants' malice and knowledge of the statements' falsity or reckless disregard of the truth or falsity. Accordingly, Holland is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

### Count Two – Common Law Defamation Per Se

52.     Holland incorporates by reference the allegations contained in paragraphs 8 to 39, inclusive, as if those allegations were set forth herein verbatim.

53.     Count Two is asserted against both Defendants.

54.     Defendants published statements by oral and written communications asserting as fact that Holland had falsified corporate records and had engaged in mischarging and misappropriation of government funds by working overtime without authorization. Defendants' statements referred to Holland directly.

55.     Defendants' statements were false because Holland had not falsified any corporate records, all overtime worked was authorized by management, and he had not misappropriated any funds. At the time Defendants made the statements, they knew they were false or, alternatively, they acted with reckless disregard for their truth or falsity. Such statements were published to third persons without legal justification or excuse.

56.     Defendants' oral and written statements were defamatory per se under the common law. Defendants' statements injured Holland's reputation in his occupation and employment, and falsely charged him with the commission of one or more crimes.

**Second Amended Petition and Request for Disclosures -- Page 12**

57.    Because Defendants' false statements were defamatory per se, Holland is entitled to a presumption of general damages.

58.    Holland seeks damages within the jurisdictional limits of this Court. He is entitled to recover past and future damages for economic losses, emotional distress, reputational injuries, and other actual, general and special damages.

59.    Holland's injuries resulted from Defendants' malice and knowledge of the statements' falsity or reckless disregard of the truth or falsity. Accordingly, Holland is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

### Jury Demand

60.    Holland demands a jury trial and he has tendered the appropriate jury fee.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brent Holland prays that Defendants be cited to appear and answer herein and that on final trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for:

1.    Actual damages;
2.    Exemplary damages;
3.    Prejudgment and post judgment interest;
4.    Court costs;
5.    Such other and further relief to which plaintiff may be justly entitled.

### Request for Disclosures

Plaintiff Brent Holland requests that each Defendant disclose, within 50 days of service of this request, the information and documents described in Rule 194.2, Texas Rules of Civil Procedure.

Respectfully submitted,

**Tanner and Associates, PC**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833 (telephone)
817.377.1136 (telefax)
rtanner@rodtannerlaw.com

By: _____

**Rod Tanner**
State Bar No. 19637500
**Molly Ann Lawrence**
State Bar No. 24083365

## Tanner and Associates, P.C.
**6300 Ridglea Place, Suite 407**
**Fort Worth, Texas 76116-5706**
817.377.8833
817.377.1136 (fax)
www.rodtannerlaw.com



Rod Tanner †*

\* Board Certified Labor and Employment Law
Texas Board of Legal Specialization
† Fellow, The College of Labor and Employment Lawyers

Molly Ann Lawrence

B. Craig Deats *
Of Counsel

April 5, 2013

Ms. Stacci Reynolds                                        Hand Delivery
Tarrant County District Clerk's Office
Document Production
Tim Curry Criminal Justice Center
401 W. Belknap, Third Floor
Fort Worth, TX 76196-0230

Re: No. 141-265116-13; *Brent Holland v. Lockheed Martin Corp. doing business as Lockheed Martin Aeronautics Company and Gregory Hampton, Individually*

Dear Stacci:

Enclosed are an original and four copies of *Plaintiff's Second Amended Petition and Request for Disclosures* and my firm's check in the amount of $8.00 in payment of a new citation fee. Please file the original second amended petition and return two file-marked copies to our courier.

Additionally, I learned yesterday that Lockheed Martin's current registered agent for service of process is **Corporation Service Company, 211 E. 7ᵗʰ Street, Suite 620, Austin, Texas 78701-3218.** Please prepare one new citation for service on Corporation Service Company as registered agent for Defendant Lockheed Martin Corporation doing business as Lockheed Martin Aeronautics Company. Please provide the citation to my courier.

Thank you for your consideration in this matter.

Sincerely,

Rod Tanner

Enclosures (5)

04/05/13 (Date)
sent a copy of letter
To Doc prod ___ (initials)



# Exhibit C-4

**THE STATE OF TEXAS**                                    **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

═══════════════════════════════════════════════════════════

*CITATION*                          *Cause No. 141-265116-13*

BRENT HOLLAND

VS.

LOCKHEED MARTIN CORPORATION, ET AL

TO: GREGORY HAMPTON

6425 MEADOW WAY LANE FORT WORTH, TX 76179-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES AND PLAINTIFF'S 1ST AMENDED PETITION AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 141st District Court ,200 E WEATHERFORD, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

BRENT HOLLAND

Filed in said Court on April 1st, 2013 Against
LOCKHEED MARTIN CORPORATION, GREGORY HAMPTON

For suit, said suit being numbered 141-265116-13 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES AND PLAINTIFF'S 1ST AMENDED PETITION AND REQUEST FOR
DISCLOSURE a copy of which accompanies this citation.

ROD TANNER
Attorney for BRENT HOLLAND Phone No. (817)377-8833
Address      6300 RIDGLEA PLACE, STE 407 FORT WORTH, TX 76116-5706

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 3rd day of April, 2013.

By _____ Deputy
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

═══════════════════════════════════════════════════════════

**OFFICER'S RETURN**
Received this Citation on the 4TH day of APRIL ,2013 at 11:25 o'clock A M; and executed at
6425 MEADOW WAY LANE FORT WORTH TEXAS 76179 within the county of TARRANT , State of TEXAS at 6:14 o'clock P M
on the 8TH day of APRIL ,2013 by delivering to the within named (Def.); GREGORY HAMPTON
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURES AND PLAINTIFF'S 1ST AMENDED PETITION AND REQUEST FOR DISCLOSURE, having first endorsed on same
the date of delivery.

Authorized Person/Constable/Sheriff: JAMES N. BENNETT SCH196 EXP. 7/31/14
County of DALLAS           State of TEXAS   By J   N Bennett   Deputy

Fees $_____
State of TEXAS County of DALLAS           (Must be verified if served outside the State of Texas)
Signed and sworn to by the said JAMES N. BENNETT before me this 9th day of APRIL 2013
to certify which witness my hand and seal of office

(Seal)          Cherry F Davis          Cherry F. Davis
My Commission Expires
01/12/2016      County of DALLAS , State of TEXAS

*CITATION*

Cause No. 141-265116-13

BRENT HOLLAND

VS.

LOCKHEED MARTIN CORPORATION, ET AL

ISSUED

This 3rd day of April, 2013

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By      STACCI REYNOLDS Deputy

ROD TANNER
Attorney for: BRENT HOLLAND
Phone No. (817)377-8833
ADDRESS: 6300 RIDGLEA PLACE, STE 407

FORT WORTH, TX 76116-5706

*CIVIL LAW*

FILED
TARRANT COUNTY

2013 APR 19  AM 9: 19

THOMAS A. WILDER
DISTRICT CLERK



*T41265116130000004*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

**Tanner and Associates, P.C.**
6300 Ridglea Place, Suite 407
Fort Worth, Texas 76116-5706
817.377.8833
817.377.1136 (fax)
www.rodtannerlaw.com

Rod Tanner †*

* Board Certified Labor and Employment Law
  Texas Board of Legal Specialization
† Fellow, The College of Labor and Employment Lawyers

Molly Ann Lawrence

B. Craig Deats *
Of Counsel

*FILED TARRANT COUNTY 2013 APR 19 AM 9: 18 THOMAS A. WILDER DISTRICT CLERK*

April 17, 2013

*Via Certified Mail/RRR*
<u>No. 7011 0470 0002 1073 0117</u>
Cori Balderas
141st District Court
Family Law Center
200 East Weatherford Street, 4th Floor
Fort Worth, TX 76196-0230

Re:   141-265116-13; *Brent Holland v. Lockheed Martin Corporation Doing Business as
      Lockheed   Martin   Aeronautics   Company   and   Gregory   Hampton,
      Individually/*Vacation Notice

Dear Ms. Balderas:

Enclosed please find the original and two (2) copies of Gregory Hampton's executed
Citation in connection with the above-referenced matter.  Please file the original and return the
file-stamped copies in the self-addressed, stamped envelope.

Thank you.

Sincerely,

B. Hamilton

Britney Hamilton
Legal Assistant

# Exhibit C-5

<u>**CAUSE NO.**</u>     <u>**141-265116-13**</u>

# RETURN

Came to my hand:    <u>4/10/2013</u>   , at   <u>02:00</u>   o'clock   <u>P.M.</u>

- Citation
- Plaintiff's Second Amended Petition and Request for Disclosures
- Jury Demand

Executed by me on:  <u>4/ 11 /2013</u>  , at   <u>9:48</u>   o'clock   <u>AM</u>

Executed at:   <u>211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701</u>
County of:    <u>**TRAVIS**</u>

By delivering to **LOCKHEED MARTIN CORPORATION dba LOCKHEED MARTIN
AERONAUTICS,** by delivering to its registered agent, **CORPORATION SERVICE
COMPANY,** by delivering to ___KELLY COURTNEY___ ,
employee/managing agent, in person, a true copy of the above specified civil
process having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit,
and I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge.

Authorized Person: George L. Castillo.  SCH1440
Expiration Date:  8/ 31 /2014
Assured Civil Process Agency
600 Sabine St. Suite 100, Austin, TX 78701

STATE OF TEXAS   }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person,
known to me to be the person whose name is subscribed to the foregoing document and, being by
me first duly sworn, declared that the statements and facts therein contained are within his
personal knowledge to be true and correct.  Given under my hand and seal of office on this the
11th day of ____April____ , 2013

DANA L. MCMICHAEL
Notary Public, State of Texas
My Commission Expires
April 23, 2016

**Notary Public**

THE STATE OF TEXAS                                    **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

### CITATION                    *Cause No. 141-265116-13*

BRENT HOLLAND
VS.
LOCKHEED MARTIN CORPORATION, ET AL

TO: LOCKHEED MARTIN CORPORATION

D/B/A LOCKHEED MARTIN AERONAUTICS          B/S REG AGENT CORPORATION SERVICE COMPANY 211 E 7TH STREET SUITE 620 AUSTIN,
COMPANY                                    78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S SECOND AMENDED PETITION
AND REQUEST FOR DISCLOSURES at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 141st District Court
,200 E WEATHERFORD, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County,
Texas said PLAINTIFF being

BRENT HOLLAND

Filed in said Court on April 5th, 2013 Against
LOCKHEED MARTIN CORPORATION, GREGORY HAMPTON

For suit, said suit being numbered 141-265116-13 the nature of which demand is as shown on said
PLAINTIFF'S SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURES  a copy of which accompanies this citation.

4/10/13

ROD TANNER
**Attorney for BRENT HOLLAND Phone No. (817)377-8833**
**Address      6300 RIDGLEA PLACE, STE 407 FORT WORTH, TX 76116-5706**

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas, Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 9th day of April, 2013.

                              By _____ Deputy
                                        KELU KERR

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
   **Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402**

### OFFICER'S RETURN

Received this Citation on the _____ day of _____, ____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, ____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S SECOND AMENDED PETITION
AND REQUEST FOR DISCLOSURES, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
     County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this ____ day of ____
to certify which witness my hand and seal of office
(Seal)                                          _____
                          County of _____, State of _____

FILED
TARRANT COUNTY
2013 APR 23 AM 8: 47
THOMAS A. WILDER
DISTRICT CLERK

*CITATION*

Cause No. 141-265116-13

BRENT HOLLAND

VS.

LOCKHEED MARTIN CORPORATION, ET AL.

ISSUED

This 9th day of April, 2013

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By      KELU KERR Deputy

ROD TANNER
Attorney for: BRENT HOLLAND
Phone No. (817)377-8833
ADDRESS: 6300 RIDGLEA PLACE, STE 407

FORT WORTH, TX 76116-5706

*CIVIL LAW*



*141265116130000010*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# Tanner and Associates, P.C.
**6300 Ridglea Place, Suite 407**
**Fort Worth, Texas 76116-5706**
**817.377.8833**
**817.377.1136 (fax)**
**www.rodtannerlaw.com**

Rod Tanner †*

\* Board Certified Labor and Employment Law
  Texas Board of Legal Specialization
† Fellow, The College of Labor and Employment Lawyers

Molly Ann Lawrence

B. Craig Deats *
Of Counsel

April 19, 2013

*Via Certified Mail/RRR*
<u>No. 7011 0470 0002 1072 9845</u>
Cori Balderas
141st District Court
Family Law Center
200 East Weatherford Street, 4th Floor
Fort Worth, TX 76196-0230

Re: 141-265116-13; *Brent Holland v. Lockheed Martin Corporation Doing Business as Lockheed Martin Aeronautics Company and Gregory Hampton, Individually/*Vacation Notice

Dear Ms. Balderas:

Enclosed please find the original and two (2) copies of Lockheed Martin Corporation's executed Citation in connection with the above-referenced matter. Please file the original and return the file-stamped copies in the self-addressed, stamped envelope.

Thank you.

Sincerely,

*B. Hamilton*

Britney Hamilton
Legal Assistant

# Exhibit C-6

Cause No. 141-265116-13

| | | |
|---|---|---|
| BRENT HOLLAND, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | TARRANT COUNTY, TEXAS |
| LOCKHEED MARTIN CORPORATION | § | |
| DOING BUSINESS AS LOCKHEED MARTIN | § | |
| AERONAUTICS COMPANY and | § | |
| GREGORY HAMPTON, INDIVIDUALLY, | § | |
| | § | |
| Defendants | § | 141st JUDICIAL DISTRICT |

## DEFENDANT GREG HAMPTON'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendant Greg Hampton ("Hampton") submits this Original Answer in response to Plaintiff's First Amended Petition and respectfully shows the Court the following:

### I.    General Denial

1.    Pursuant to Texas Rule of Civil Procedure 92, Hampton generally denies all of the allegations in Plaintiff's First Amended Petition and demands strict proof thereof by a preponderance of the evidence.

### II.    Affirmative Defenses, Other Defenses and Specific Denials

Plaintiff's claims are barred, in whole or in part, because:

(a)    Plaintiff has failed to state any claim against Hampton upon which relief may be granted;

(b)    Plaintiff's own actions or omissions caused or contributed to Plaintiff's alleged injuries and damages;

(c)    The alleged defamatory and/or libelous statements were true or substantially true; and

DEFENDANT GREG HAMPTON'S ORIGINAL ANSWER                    Page 1

FILED
TARRANT COUNTY
2013 APR 26 PM 4: 24
THOMAS A. WILDER
DISTRICT CLERK

(d)     The alleged defamatory and/or libelous statements are protected by a qualified privilege.

3.     Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, the damages sought by Plaintiff, if any are awarded, should be reduced or offset in accordance with Texas' proportionate responsibility provisions.

4.     Plaintiff's recovery (if any) should be reduced or offset by any payment that has been or will be paid to Plaintiff, or on behalf of Plaintiff, pursuant to:

(a)     Section 33.012 of the Texas Civil Practice and Remedies Code;

(b)     Section 41.0105 of the Texas Civil Practice and Remedies Code;

(c)     Section 18.091 of the Texas Civil Practice and Remedies Code; and

(d)     The collateral source rule.

5.     Additionally, Plaintiff's damages should be reduced or offset by any amount of damages legally caused by Plaintiff's failure to mitigate.

6.     Not waiving, but insisting upon the foregoing, Hampton specifically denies that any of his alleged acts or omissions would justify any claim for exemplary or punitive damages and asserts that exemplary or punitive damages are improper and not recoverable under the theories plead in Plaintiff's First Amended Petition.  Hampton further asserts that an award of punitive damages would amount to excessive punishment in violation of due process of law and in violation of the Constitutions of the United States and the State of Texas, and of the common law.  Moreover,

(a)     The assessment of punitive or exemplary damages violates the safeguards guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States;

(b)     Punitive damages are barred by the Contracts Clause of Article I, § 10 of the Constitution of the United States;

DEFENDANT GREG HAMPTON'S ORIGINAL ANSWER                         Page 2

(c)    Punitive damages violate Article I, §§ 3, 13, 14, 16 and 19 of the Constitution of the State of Texas;

(d)    Texas law does not provide adequate procedural safeguards for the imposition of an award of exemplary damages;

(e)    Additionally, due process requires proof beyond a reasonable doubt of punitive damages; and

(f)    Alternatively, Hampton invokes the applicable exemplary damage limit or exclusion afforded by the Texas Civil Practice & Remedies Code Chapter 41.

7.    Hampton reserves his right to amend his answer to assert any other defenses, affirmative or otherwise, that may become available during this lawsuit.

8.    Among other allegations included in Plaintiff's First Amended Petition that are directed specifically at Hampton, Hampton specifically denies that he wanted to destroy Holland's life and career, that he manufactured allegations against Holland, and that he violated any policy of Lockheed Martin.

### III.    Demand for Jury Trial

9.    Hampton demands a trial by jury.


WHEREFORE, PREMISES CONSIDERED, Defendant Greg Hampton respectfully prays for judgment that Plaintiff recover nothing from him, that all of Plaintiff's claims and causes of action against him be dismissed with prejudice, that he have and recover from Plaintiff costs of court incurred, and that Hampton have such other and further relief, at law or in equity, to which he is justly entitled.

Respectfully submitted,

SHEATS & MUCKLEROY LLP

By: _____
Morris L. Sheats Jr.
State Bar No. 00797418
George Muckleroy
State Bar No. 24041537
777 Main Street, Suite 600
Fort Worth, Texas  76102
Telephone:  (817) 878-2425
Facsimle:   (817) 887-8001

ATTORNEYS FOR DEFENDANT,
GREG HAMPTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Greg Hampton's Original Answer has been served via certified mail, return receipt requested, to Rod Tanner, attorney for the Plaintiff, at 6300 Ridglea Place, Suite 407, Fort Worth, Texas 76116, on this the 26th day of April, 2013.

_____
Morris L. Sheats II

# SHEATS & MUCKLEROY LLP

### ATTORNEYS AND COUNSELORS

777 MAIN STREET · SUITE 600
FORT WORTH, TEXAS 76102-5368
(817) 878-2425
FAX (817) 887-8001
Morris@SheatsMuckleroy.com

April 26, 2013

**FILED
TARRANT COUNTY
2013 APR 26  PM 4: 24
THOMAS A. WILDER
DISTRICT CLERK**

_**Via Hand Devliery**_
Ms. Cori Balderas, Clerk
141st Judicial District Court
Family Law Center
200 East Weatherford Street
Fort Worth, TX 76196-0230

Re:   Cause No. 141-265116-13;
      *Brent Holland v. Lockheed Martin Corporation doing business as Lockheed
      Martin Aeronautics Company and Gregory Hampton, Individually*

Dear Ms. Balderas:

Enclosed for filing in the above-referenced matter please find the original and one (1)
copy of Defendant Greg Hampton's Original Answer. Please file the original and return one (1)
file-marked copy to the courier.

Thank you for your assistance. If you have any questions or require additional
information regarding this matter, please contact my office.

By copy of this letter, I am notifying all counsel of record.

Sincerely,

Morris L. Sheats II

Encl.

cc:   Rod Tanner
      6300 Ridglea Place, Suite 407
      Fort Worth, Texas 76116
      CMRRR 7010 1060 0001 6794 5546

FILED
TARRANT COUNTY
2013 APR 26  PM 4: 24
THOMAS A. WILDER
DISTRICT CLERK

# Exhibit C-7

No. 141-265116-13

|  |  |
|---|---|
| BRENT HOLLAND, | IN THE DISTRICT COURT OF |
| Plaintiff, | |
| v. | |
| | TARRANT COUNTY, TEXAS |
| LOCKHEED MARTIN CORPORATION D/B/A LOCKHEED MARTIN AERONAUTICS COMPANY AND GREGORY HAMPTON, INDIVIDUALLY, | |
| Defendants. | 141ST JUDICIAL DISTRICT |

*FILED TARRANT COUNTY 2013 APR 30 PM 4:13 THOMAS A. WILDER DISTRICT CLERK*

## LOCKHEED MARTIN CORPORATION'S ANSWER

Lockheed Martin Corporation ("Lockheed Martin") files this answer in response to "Plaintiff's Second Amended Petition and Request for Disclosures" ("Petition"), filed by Plaintiff, Brent Holland, ("Plaintiff"). Lockheed Martin respectfully shows the Court as follows:

### I. GENERAL DENIAL

In accordance with Rule 92 of the Texas Rules of Civil Procedure, Lockheed Martin generally denies each and every allegation in Plaintiff's Petition, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state claims against Lockheed Martin upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, because the alleged tortious conduct of Gregory Hampton was outside the course and scope of Mr. Hampton's general authority as an employee of Lockheed Martin, and such alleged tortious conduct was not in furtherance of Lockheed Martin's business.  Lockheed Martin is not liable to Plaintiff for the acts

of any of its employees that exceeded the scope of their employment.  Further, Lockheed Martin did not authorize or ratify the alleged tortious conduct of Mr. Hampton.

3.     Plaintiff's claims are barred or preempted, in whole or in part, under the Texas Workers' Compensation Act, which provides the exclusive remedy for workplace injuries.  To the extent Plaintiff seeks workers' compensation benefits, this Court lacks subject-matter jurisdiction over any such possible claim for workers' compensation benefits.

4.     The conduct and damages alleged in the Petition were legally and proximately caused or contributed to by the alleged conduct of individuals for whom Lockheed Martin is not responsible.  Thus, Lockheed Martin is not liable to Plaintiff, or, in the alternative, Lockheed Martin's liability to Plaintiff should be reduced in accordance with applicable law.

5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's own actions or omissions caused or contributed to Plaintiff's alleged injury.

6.     The recovery by Plaintiff, if any, should be precluded or reduced in accordance with Texas' proportionate responsibility scheme, as set forth in Chapter 33 of the Texas Civil Practice and Remedies Code.

7.     Plaintiff's claims are barred, in whole or in part, because the alleged defamatory and/or libelous statements were true or substantially true.

8.     Plaintiff's claims are barred, in whole or in part, because the alleged defamatory and/or libelous statements are protected by a qualified privilege.

9.     The recovery by Plaintiff, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiff.

10.     Lockheed Martin seeks an offset or credit for those amounts it has paid to or on behalf of Plaintiff.

11.     Plaintiff's claims for medical or health care expenses are limited to the amount actually paid or incurred by him or on his behalf, in accordance with Section 41.0105 of the Texas Civil Practice and Remedies Code.

12.     Plaintiff's claims for certain elements of damages should be reduced or adjusted to account for income tax payments and unpaid tax liability pursuant to federal income tax law, in accordance with Section 18.091 of the Texas Civil Practice and Remedies Code.

13.     In accordance with Section 33.012 of the Texas Civil Practice and Remedies Code, Lockheed Martin seeks an offset or credit for any amounts paid to Plaintiff by settling or released parties.

14.     Lockheed Martin denies that Plaintiff is entitled to recover exemplary damages on the grounds that the imposition of exemplary damages as sought by Plaintiff would be fundamentally unfair and would violate Lockheed Martin's rights under the United States and Texas Constitutions in the following respects:

    (a)     An award of exemplary damages would violate Lockheed Martin's rights to due process and equal protection by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 14, 16, and 19, of the Texas Constitution, in that:

        (i)     Under the laws of the State of Texas, the determination whether to award exemplary damages is left to the arbitrary discretion of the trier of fact; there is, therefore, no adequate or meaningful standard or guide for exercising said discretion, nor for fixing, determining, or reviewing the amount of an award of exemplary damages.

(ii) No provision of Texas law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which an award of exemplary damage may be based. Lockheed Martin has had no notice nor any means by which to ascertain the nature of the conduct for which it might be held subject to an exemplary damage award or the amounts of any penalty it might be subject to for the alleged conduct upon which the award could be based.

(iii) No provision of Texas law provides adequate procedural safeguards for the imposition of an award of exemplary damages.

(iv) Due process requires, at a minimum, that exemplary damages be awarded only on the plaintiff's burden of proof beyond a reasonable doubt.

(v) The concept of exemplary damages whereby an award is made to a private plaintiff, not by way of compensation but by way of a windfall incident to punishing a defendant, constitutes the taking of property without due process.

(b) An exemplary damage award would violate the prohibition against excessive fines contained in Article 1, Section 13, of the Texas Constitution.

(c) Punitive damages, if allowed, are a punishment and a quasi-criminal sanction for which Lockheed Martin is not afforded the specific

procedural safeguards prescribed by the Fourth, Fifth, and Sixth Amendments of the United States Constitution.

(d)     An award of punitive damages, if allowed, also would violate Article I, Sections 3, 13, and 19 of the Texas Constitution.

15.     In the alternative, Lockheed Martin pleads and invokes the standards of recovery and limitations on the amount of recovery for exemplary damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

16.     Gregory Hampton is not a vice-principal of Lockheed Martin. Thus, Lockheed Martin is not vicariously liable for exemplary damages for any act or omission on his part.

17.     Plaintiff's recovery, if any, must be reduced by any amount of damages legally caused by Plaintiff's failure to mitigate such damages in whole or in part.

18.     Lockheed Martin reserves its right to amend its answer to assert any other defenses, affirmative or otherwise, that may become available during this lawsuit.

### III. LOCKHEED MARTIN'S DEMAND FOR JURY TRIAL

Lockheed Martin demands a trial by jury on all issues triable by jury.

### IV. PRAYER FOR RELIEF

Lockheed Martin Corporation respectfully requests that the Court enter judgment in its favor and that it have the following relief: (a) that Plaintiff take nothing on his claims and causes of action against Lockheed Martin; (b) that all of Plaintiff's claims and causes of action against Lockheed Martin be dismissed with prejudice; (c) that Lockheed Martin have and recover from Plaintiff costs of court incurred by Lockheed Martin; and (d) that Lockheed Martin have such other and further relief, general and special, at law or in equity, to which Lockheed Martin may be justly entitled under the circumstances.

Dated:  April 30, 2013

Respectfully submitted,

Anthony J. Campiti
  Texas Bar No. 00798092
David C. Schulte
  Texas Bar No. 24037456
Kim McCrea
  Texas Bar No. 24041434

THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201–2533
(214) 969.1700
(214) 969.1751 (facsimile)

ATTORNEYS FOR DEFENDANT
LOCKHEED MARTIN CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 30, 2013, the foregoing document was served by certified mail, return receipt requested, on counsel for Plaintiff and on counsel for Defendant Gregory Hampton.

David C. Schulte

6931347.1

# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

DAVID C. SCHULTE
DIRECT DIAL: (214) 969-1314
EMAIL: David.Schulte@tklaw.com

ONE ARTS PLAZA
1722 ROUTH STREET ♦ SUITE 1500
DALLAS, TEXAS 75201-2533
214.969.1700
FAX 214.969.1751
www.tklaw.com

AUSTIN
DALLAS
DETROIT
FORT WORTH
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO

ALGIERS
LONDON
MONTERREY
PARIS

April 30, 2013

Clerk of the Court
141st Judicial District
200 East Weatherford, 4th Floor
Fort Worth, TX 76196

      Re:    No. 141-265116-13; *Brent Holland v. Lockheed Martin Corporation, et al.*; In the
          141st Judicial District Court of Tarrant County, Texas

Dear Clerk:

      Enclosed are the original and one copy of Lockheed Martin Corporation's Original
Answer. Please file the original with the other papers in the above-referenced matter, and return
a file-marked copy to this office through our courier.

      We are serving a copy of the answer and this letter on all counsel of record per the
method below.

      Thank you for your cooperation and assistance.

                      Very truly yours,

                      David C. Schulte

enclosure

cc:    Rod Tanner, *via CMRRR#70121010000203088360*
       Morris L. Sheats, *via CMRRR#70121010000203088377*

FILED
TARRANT COUNTY
2013 APR 30 PM 4: 12
THOMAS A. WILDER
DISTRICT CLERK

# Exhibit D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRENT HOLLAND,

            Plaintiff,

v.

LOCKHEED MARTIN CORPORATION D/B/A
LOCKHEED MARTIN AERONAUTICS COMPANY
AND GREGORY HAMPTON, INDIVIDUALLY,

            Defendants.

CIVIL ACTION NO. _____

**LOCKHEED MARTIN CORPORATION'S
RULE 7.1 DISCLOSURE STATEMENT AND CERTIFICATE OF INTERESTED PERSONS**

In accordance with Rule 7.1 of the Federal Rules of Civil Procedure and Local Civil Rules LR 81.1(a)(4)(D) and 7.4, Lockheed Martin Corporation ("Lockheed Martin") files this Rule 7.1 disclosure statement and certificate of interested persons.

    1.    **Rule 7.1 Disclosure Statement**:  Lockheed Martin has no parent corporation, and State Street Corporation beneficially owns 10% or more of Lockheed Martin's stock.

    2.    **Certificate of Interested Persons**:  The following is a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities known at this time to be financially interested in the outcome of the case:  (a) Plaintiff, Brent Holland; (b) Defendant Lockheed Martin; and (c) Defendant Gregory Hampton.

Dated:  May 1, 2013

Respectfully submitted,

Anthony J. Campiti
    Texas Bar No. 00798092
David C. Schulte
    Texas Bar No. 24037456
Kim McCrea
    Texas Bar No. 24041434

THOMPSON & KNIGHT LLP
1722 Routh St., Suite 1500
Dallas, Texas 75201–2533
(214) 969.1700
(214) 969.1751 (facsimile)

ATTORNEYS FOR DEFENDANT
LOCKHEED MARTIN CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on April May 1, 2013, a copy of this document was served by certified mail, return receipt requested, on counsel for Plaintiff and on counsel for Defendant Gregory Hampton.

David C. Schulte

6925217.1

# Exhibit E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRENT HOLLAND,

          Plaintiff,

v.

LOCKHEED MARTIN CORPORATION d/b/a
LOCKHEED MARTIN AERONAUTICS COMPANY
AND GREGORY HAMPTON, INDIVIDUALLY,

          Defendants.

CIVIL ACTION NO: _____

### DEFENDANT GREGORY HAMPTON'S CONSENT TO, AND JOINDER IN, LOCKHEED MARTIN'S NOTICE OF REMOVAL

Without waiver of and expressly preserving all of his defenses, including, without limitation, those defenses allowed under Rule 12 of the Federal Rules of Civil Procedure, Defendant Gregory Hampton hereby consents to, and joins in, the removal of the above-captioned action to this Court by Defendant Lockheed Martin Corporation.

Dated:  May 1, 2013                          Respectfully submitted,


                                             _____
                                             Morris L. Sheats, II
                                                Texas Bar No. 00797418
                                             George Muckleroy
                                                Texas Bar No. 24041537


                                             SHEATS & MUCKLEROY LLP
                                             777 Main Street, Suite 600
                                             Fort Worth, TX 76102
                                             (817) 878-2425
                                             (817) 887-8001 (facsimile)


                                             ATTORNEYS FOR DEFENDANT
                                             GREGORY HAMPTON


### CERTIFICATE OF SERVICE

The undersigned certifies that on May 1, 2013, the foregoing document was served on counsel for Plaintiff by certified mail, return receipt requested, and on counsel for Defendant Lockheed Martin Corporation.


                                             _____
                                             Morris L. Sheats, II

JS 44 (Rev. 09/11)

ORIGINAL

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST OF TX

## CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brent Holland | Lockheed Martin Corporation; Gregory Hampton |

2013 MAY -1 PM 12: 37

CLERK OF COURT

**(b)** County of Residence of First Listed Plaintiff  Palo Pinto County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bethesda, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

4-13CV-359-A

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rod Tanner and Molly Ann Lawrence, Tanner and Associates, PC; 6300 Ridglea Place, Suite 407, Fort Worth, TX 76116; (817) 377-8833.

Attorneys *(If Known)*
Lockheed Martin: Anthony J. Campiti, David C. Schulte; Thompson & Knight, 1722 Routh St., Suite 1500, Dallas, TX 75201, (214) 969-1700
Gregory Hampton: Morris L. Sheats II and George Muckleroy, Sheats & Muckleroy LLP, 777 Main Street, Suite 600, Fort Worth, TX 76102, (817) 878-2425

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1441 & 1331: federal-question jurisdiction - plaintiff's claims arise from alleged conduct on a federal enclave.
Brief description of cause:
Plaintiff asserts claims against defendants for statutory libel per se and common law defamation per se.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $          CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*   JUDGE                DOCKET NUMBER

DATE
05/01/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # TWOR404      AMOUNT $350      APPLYING IFP          JUDGE          MAG. JUDGE

**United States District Court**
**Northern District of Texas**
**Fort Worth Division**



RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT WORTH DIVISION

2013 MAY -1 PM 12: 37

CLERK OF COURT

**Supplemental Civil Cover Sheet For Cases Removed from State Court**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

**4- 13CV-359-A**

1.  **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | **Court** | **Case Number** |
   |---|---|

   District Court of Tarrant County, Texas, 141st Judicial District, Case No. 141-265116-13

2.  **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| **Plaintiff**<br>Brent Holland | **Plaintiff's Counsel**<br>Rod Tanner (TBN: 19637500)<br>Molly Ann Lawrence (TBN: 24083365)<br>TANNER AND ASSOCIATES, PC<br>6300 Ridglea Place, Suite 407<br>Fort Worth, TX  76116-5706<br>(817) 377-8833 / (817) 377-1136 (facsimile) |
| **Defendant**<br>Lockheed Martin Corporation | **Lockheed Martin's Counsel**<br>Anthony J. Campiti (TBN: 00798092)<br>David C. Schulte (TBN: 24037456)<br>Kim McCrea (TBN: 24041434)<br>THOMPSON & KNIGHT LLP<br>1722 Routh St., Suite 1500<br>Dallas, Texas 75201–2533<br>(214) 969-1700 / (214) 969-1751 (facsimile) |
| **Defendant**<br>Gregory Hampton | **Gregory Hampton's Counsel**<br>Morris L. Sheats, II (TBN: 00797418)<br>George Muckleroy (TBN: 24041537)<br>SHEATS & MUCKLEROY LLP<br>777 Main Street, Suite 600<br>Fort Worth, TX 76102<br>(817) 878-2425 / (817) 887-8001 (facsimile) |

3.      **Jury Demand:**

Was a Jury Demand made in State Court?    __X__ Yes    _____ No

If "*Yes*," by which party and on what date?

| Plaintiff Brent Holland | April 1, 2013 |
| Lockheed Martin Corporation | April 30, 2013 |
| Gregory Hampton | April 26, 2013 |

4.      **Answer:**

Was an Answer made in State Court?    __X__ Yes    _____ No

If "*Yes*," by which party and on what date?

| Lockheed Martin Corporation | April 30, 2013 |
| Gregory Hampton | April 26, 2013 |

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                  **Reason(s) for No Service**

Not applicable.

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                  **Reason**

Not applicable.

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                  **Claim(s)**

Plaintiff:  Plaintiff asserts claims against defendants for statutory libel per se and defamation per se, and seeks actual and exemplary damages, pre- and post-judgment interest, and court costs.

Lockheed Martin & Gregory Hampton:  Lockheed Martin and Gregory Hampton have denied Plaintiff's allegations against them and have denied that Plaintiff is entitled to any of the damages requested in his Petition. Defendants contend that Plaintiff's claims should be dismissed.